POTTER, Adm'r &c., vs. THE CHICAGO & NORTHWESTERN RAILWAY COMPANY.

*Pleading—Allegation of Negligence.*

It is enough for a complaint to allege that the injury complained of happened through the negligence of the *defendant,* without alleging also that the plaintiff was free from negligence on his part.

APPEAL from the Circuit Court for *Jefferson* County.

This was an action by the administrator of Frances L. Bishop against the defendant, for negligently causing the death of said

Frances, a child about ten years old, who with her mother, was a passenger on the defendant's train from Chicago to Fort Atkinson. The complaint alleged that the defendant so negligently and unskilfully conducted itself in the management of said train, that when the same arrived at Fort Atkinson, it did not stop the same long enough to permit said Frances or her mother to get off the car in which they were traveling, but carelessly started said train, when they were getting off, so quickly and suddenly that the said Frances, while attempting to get off, was thrown off the car, or the platform of the car, and run over by the train, and instantly killed. The defendant demurred to the complaint on the ground that it did not state facts sufficient to constitute a cause of action; and appealed from an order overruling the demurrer.

*Enos & Hall*, for appellant :

The complaint is defective because it does not show that the deceased was in the exercise of due care at the time of the casualty, or that she was free from negligence. Redfield on Railways, 329–30; *Chamberlain vs. The M. & M. R. Co.*, 7 Wis., 425; *Johnson v. Hudson River R. R. Co.*, 20 N. Y., 69.

*Hopkins & Foote*, for respondent, cited *Johnson v. Hudson River R. R. Co.*, 5 Duer, 21, and 20 N. Y., 65; *Gough v. Bryan*, 2 Mees. & W., 770; *Bridge v. Grand Junction R. R. Co.*, 3 id., 244; *Langhoff v. Mil. & P. du Ch. R. R. Co.*, 19 Wis., 489: *Stucke v. Mil. & Miss. R. R. Co.*, 9 id., 202; *Mil. & Ch. R. R. Co. v. Hunter*, 11 id., 160; *Achtenhagen v. City of Watertown*, 18 id., 331; *Davies v. Mann*, 10 Mees. & W., 546.

DOWNER, J. It is contended that the complaint is insufficient because it does not aver that the deceased, at the time of the fatal accident, was in the exercise of ordinary care, or was free from negligence on her part. The complaint alleges that the injury was caused by the negligence of the defendant. The complaint in this respect is according to most of the precedents of declarations, English and American. There are, how-

ever, precedents with averments in form that the plaintiff was in the exercise of ordinary care, or was free from negligence on his part. In *Gough v. Bryan*, 2 M. & W., 770, the declaration, as to the particular matter under consideration, was in the form of the complaint before us, and was for driving the coach of the defendant against the plaintiff's carriage and thereby injuring his sons. The defendant plead the general issue, and also a special plea setting up the plaintiff's negligence. On demurrer to the special plea, it was held bad, as amounting to the general issue. In the case of *Bridge v. The Grand Junction Railway*, 3 M. & W., 244, the declaration was in the same form; and on a demurrer to a special plea setting up that the injury was caused by the negligence both of the plaintiff and defendant, it was held that the plea was bad because it amounted to the general issue; and also bad in substance, because it was not sufficient to aver that there was negligence on the part of the plaintiff, but the defendant must also aver that the plaintiff, by ordinary care, could have avoided the consequences of the defendant's negligence. The case of *Butterfield v. Forrester*, 11 East, 60, was cited as authority to that effect. It was also said by PARK, B., that even if the plea had contained such allegation, it would still be equivalent to not guilty. I do not see how this could be, unless the general denial put in issue the want of ordinary care, or the negligence, of the plaintiff as well as that of the defendant. If the declaration in each of these cases had been defective, the demurrer to the special plea in each case would have reached back to the declaration as the first defective pleading; but it did not occur either to the counsel or the court that there was any defect in the declaration in either case. And we have not been referred to any case where such declaration has been held defective. In many of the cases (a number of which have been cited by counsel), where the question has arisen whether the plaintiff was bound, in order to make out a *prima facie* case, to prove that he exercised ordinary care, the declaration was in the form of that in the case

before us. The averment that the death of Frances L. Bishop was caused by the negligence of the defendant, must, we think, be regarded in legal effect the same as though it had been averred that the *sole immediate* cause thereof was the negligence of the defendant. It is unnecessary for us to decide the question, so much discussed by counsel, whether the plaintiff, at the trial, to make out a *prima facie* case, must prove both the negligence of the defendant and ordinary care on the part of the deceased; for whatever may be our opinion on that subject, we must hold, in accordance with long and well established practice, that the complaint is sufficient.

*By the Court.*—The order of the circuit court overruling the demurrer is affirmed.