## CUNNINGHAM and wife vs. LYNESS.

*Injuries from defendant's negligence: what negligence of plaintiff defeats the
action.—Pleading.*

22   245
74   434

22   245
92   112

22   245
96   361

22   245
108   342

1. There can be no recovery for injuries to the person from defendant's neg-
   ligence, if plaintiff was guilty of negligence (though it was slight and
   that of defendant gross), which contributed directly to the injury.
2. Plaintiff was crowded from the dock into the water through defendant's
   negligence in driving a team from a ferry-boat on to the dock; but there
   was evidence tending to show negligence on her part in standing upon
   the edge of the dock.   *Held*, that her having assumed that position some
   time *before* the accident did not render her negligence *remote*.
3. An averment in the answer (*in addition to a general denial*) of various
   causes as contributing to the injury, without allegation of negligence on
   plaintiff's part, does not preclude defendant from relying at the trial on
   proof of plaintiff's negligence.

APPEAL from the Circuit Court for *Winnebago* County.

Action to recover damages for injuries to the plaintiff from being forced from a pier into the Fox river at the city of Oshkosh, in consequence, as is averred, of defendant's negligence while driving a wagon from the ferry-boat on to the pier. Answer, a general denial, with notice that defendant would show that the injury was caused by the negligence of one Coughran, the improper construction of the pier, and the improper management of the ferry-boat.—The facts proven and the instructions given and refused by the court, will sufficiently appear from the opinion. Verdict for the plaintiff; new trial denied; and judgment on the verdict; from which the defendant appealed.

*Gabe Bouck* and *C. A. Weisbrod*, for appellant, to the point that plaintiff, if guilty of negligence, could not recover, cited 1 Hilliard on Torts, 140; *Wilds v. Hudson R. R. Co.*, 24 N. Y., 430; *Welling v. Judge*, 40 Barb., 193; *Brooks v. R. R. Co.*, 25 Barb., 600; *Mangam v. R. R. Co.*, 36 id., 230; *Bieseigel v. N. Y. Cent.*, 33 id., 429; *Dascomb v. R. R. Co.*, 27 id., 222; *Hartfield v. Roper*, 21 Wend., 615; *Munger v. R. R. Co.*, 4 Coms., 349; *Bush v. Brainard*, 1 Cow., 78; *Tonawanda R. R. Co. v. Munger*, 5 Denio, 255; *Birge v. Gardiner*, 19 Conn., 50; *Neal v. Gillett*, 23 id., 437; *Fox v. Glastenbury*, 29 id., 208; *Chamberlain v. Mil. & Miss. R. R. Co.*, 7 Wis., 425; *Dressler v. Davis*, id., 527.

*Jackson & Halsy*, for respondents, contended that negligence on the part of *Mrs. Cunningham* had neither been pleaded nor proven; and that the jury were properly instructed. 9 Wis., 202; 24 Vt., 487; 8 Wend., 469; 10 M. & W., 545; 3 id., 244; 5 W., H. & G., 243; 1 Crompt. & M., 20; 11 East, 60; 14 Conn., 1; 1 Smith's L. C., 312.

COLE, J. On the trial, the court was requested on behalf of the defendant to instruct the jury, that if they should find

from the evidence that the defendant did not use the ordinary care and diligence, still if they found that the plaintiff, *Mrs. Cunningham*, in occupying the position she did upon the wharf, was guilty of negligence, and that such negligence on her part essentially contributed to the injury, then they must find for the defendant. This instruction the court refused to give, and to the refusal an exception was taken. It seems to us that the instruction was correct in terms as asked, and was strictly pertinent to the issue in the case.

It appears from the evidence that *Mrs. Cunningham* was standing, at the time of the accident, on the dock or landing of the public ferry-boat at the city of Oshkosh, when she was thrown off or forced from the landing into Fox river, and injured. It is alleged in the complaint, that the defendant caused the injury by negligently and unlawfully driving his team and heavy double-wagon off the ferry-boat in such a manner as to strike against the dray of one Coughran—who was driving his horse and dray off from the ferry-boat at the same time—and to force and throw the dray and horse thereto attached against *Mrs. Cunningham*, thereby crowding or forcing her into the river. It seems that the ferry-boat could not approach to the shore on account of the shallowness of the water at that point, and a dock or approach was made from the shore for a landing. On the upper side of this dock there was no railing or other protection; on the lower side there was a warehouse and wharf immediately joining which was elevated about a foot above the dock. *Mrs. Cunningham* was standing on the upper side of the dock, at the water's edge, waiting to get on the ferry-boat, when she was crowded or forced into the river. It was claimed that she had taken an exposed position on the dock, and that thus, by occupying the position she did, she was guilty of negligence which essentially contributed to the injury. If this were so—and it is not impossible that a

jury might have so found, when considering all the evidence bearing upon that point—then we suppose no recovery could be had. Of course, we express no opinion upon the weight of that evidence; all that we wish to be understood as saying is, that there was sufficient testimony in the case to submit the question to the jury whether *Mrs. Cunningham* was guilty of negligence in occupying the position she did upon the dock, which contributed to the unfortunate result. If she suffered an injury attributable in some measure to a want of requisite care on her part, then no recovery can be had, although the defendant did not exercise ordinary diligence in the management of his team, and in driving off from the boat. In the case of *Potter, Adm'r, etc., v. The Chicago & Northwestern R. R. Co.*, 21 Wis., 372, which was an action brought against the company for negligently causing the death of a child about ten years old, while getting off the cars at a station, this court held it to be error on the part of the circuit court, to charge the jury that if they should find that the deceased, or her mother (who had the child in charge), was guilty of *slight* negligence only in getting off the cars, and the defendant company was guilty of *gross* negligence, a recovery could be had in the action. Mr. Justice DOWNER says, in the opinion in that case, that " negligence proximate or contributing to the injury, however slight, prevents a recovery." Substantially the same principle had been previously decided by this court in other cases, that a party cannot " recover for an injury of which his own negligence was in whole, or in part, the proximate cause." *Rothe v. Mil. & St. Paul R. R. Co.*, 21 Wis., 256; *Chicago & Northwestern R. R. Co., v. Goss*, 17 id., 428; *Spencer v. The Mil. & Prairie du Chien R. R. Co.*, id., 488; *Achtenhagen v. The City of Watertown*, 18 id., 331; *Bennett v. The Chicago & Northwestern R. R. Co.*, 19 id., 145; *Langhoff v. The Mil. & Prairie du Chien R. R. Co.*, id., 489; *Stucke v. The Mil. & Miss. R. R. Co.*, 9 id., 200.

From some other instructions given to the jury in this case, we conclude that there must have been a little confusion in the mind of the circuit judge as to what was remote and what proximate negligence, within the meaning of the adjudged cases; and a word, therefore, upon that point may be proper. The jury were in effect told in this case, that if *Mrs. Cunningham*, in occupying the position she did, was guilty of negligence, it was remote, and did not excuse the exercise of reasonable care and prudence on the part of the defendant in driving his team off the boat and over the wharf; for that the rule was, that she must have done some act at the very moment of the happening of the accident, which contributed to the same; that is, that the negligence on her part must have been at the very moment of the accident, or so near to it as to have been one of the immediate and direct causes in producing the injury. From these instructions, the jury might well have supposed, that remote and proximate negligence referred solely to the nearness in the order of time in which certain acts were done; in other words, that although *Mrs. Cunningham* was guilty of negligence in occupying the position she did when crowded into the river, yet, as she had taken that position some little time before the accident happened, her negligence was remote, and did not prevent a recovery. Now it is very evident that whether negligence is proximate or remote does not depend alone upon the closeness in the order of time in which certain things are done. Other consequences and other causes must be considered. For illustration: a person lies down upon a railroad track, and goes to sleep; and if killed an hour afterwards by a train of cars running over him, we say that his negligence was proximate, not remote, because it directly and naturally contributed to his death. The circumstance that he lay down upon the track an hour or two before he was run over by the cars, does not change the

character of the negligent act.   His lying down upon the track in the first instance, and his remaining there, was a continuing act of negligence.   So here, if *Mrs. Cunningham* occupied an exposed position on the dock—one where she would likely be struck and forced into the river by teams passing on and off the ferry-boat—and .if, by remaining in that position, she was guilty of negligence which contributed to the injury, then no recovery can be had, although she might have taken her position some little time before the accident.   Hence we think the instructions upon this point were calculated to mislead the jury, because they restricted them to the consideration of the question, whether *Mrs. Cunningham* did some negligent act at the very moment the accident happened, and not whether the negligent act directly and naturally contributed to the injury.   In the case of *Chicago & Northwestern R. R. Co. v. Goss*, above cited, the distinction between remote and proximate negligence is clearly pointed out.   In that case, as in this, the jury were restricted altogether to the consideration of the question, whether the plaintiff's negligence was proximate or remote in the sense of its having occurred at the time of the alleged injury, leaving the degree of negligence wholly out of the case.

But it is further insisted that the plaintiffs were entitled to recover in the action, because the defense set up in the answer and attempted to be proved, excluded all pretense of negligence on the part of *Mrs. Cunningham*.   It is true that it is stated in the answer, by way of notice, that the injury to *Mrs. Cunningham* was produced by other causes; such as the want of care on the part of Coughran; defect in the ferry landing; and carelessness on the part of the employees of the city in the management of the ferry.   But there is likewise the general denial, which put in issue the right of the plaintiff to recover.   It was not necessary to

state in the answer that the injury was caused by the negligence of *Mrs. Cunningham*, or by both her negligence and that of the defendant; since this would merely amount to the general issue. *Potter, Adm'r, etc., v. The Chicago & Northwestern R. R. Co.*, 20 Wis., 533. If, therefore, there was' any fact or circumstance which tended to show that the injury arose partly by the negligence of *Mrs. Cunningham*, the defendant was entitled to proper instructions in view of any such evidence. For that fact, if established to the satisfaction of the jury, would be an answer to the action. So, notwithstanding the unnecessary matter stated in the answer, one of the issues was, whether the plaintiff, *Mrs. Cunningham*, by her carelessness and improper conduct, contributed to the injury or not. We are, therefore, of the opinion that there must be a new trial.

*By the Court.*—The judgment of the circuit court is reversed, and a new trial ordered.