BRACHMAN, Appellant, vs. KUEHNMUENCH, Respondent

*September 26 — October 13, 1885.*

*Striking matter from pleading: Immaterial error.*

1. If, after matter is stricken from a pleading, all evidence admissible under the original pleading can still be introduced, the error, if any, in striking out such matter will not work a reversal of the order.

2. Motions to strike out matter from pleadings should be discouraged except where the retention of such matter would affect the substantial rights of the adverse party, or where the matter is scandalous.

APPEAL from the Circuit Court for *Milwaukee* County. The case is thus stated by Mr. Justice CASSODAY:

" The complaint, after the title of the cause, was as follows:

" ' The above-named plaintiff, by M. N. Lando, her attorney, respectfully shows to this court that the plaintiff, during all the times hereinafter mentioned and prior thereto, was and now is a married woman, to wit, the wife of one Bernhard Brachman; [that the plaintiff and her husband, the said Bernhard Brachman, occupied as their home and dwelling the premises known as No. 380 Fourth street in said city of Milwaukee, which premises were rented by the husband of said plaintiff from the above-named defendant, *Jacob Kuehmuench*, for a monthly rent of fourteen dollars; that the husband of this plaintiff is a traveling salesman, and is a large part of the time absent from the city of Milwaukee aforesaid;] that the above-named defendant, *Jacob Kuehnmuench*, on the 11th day of November, 1884, while this plaintiff was alone in her said house, unlawfully, forcibly, and wrongfully broke and entered the dwelling-house so occupied by said plaintiff and her said husband, and then and there used loud, boisterous, and insulting language towards this plaintiff, and with force and great noise pounded with his fist upon the table, and threatened to stuike this plaintiff, who was just then convalescing from a severe illness, rendering her more sick thereby, to her damage of one thousand dollars.

" ' For a further and separate cause of action this plaintiff shows [that she is now and has been during all the times hereinafter mentioned, a married woman, namely, the wife of one Bernhard Brachman;] that [as such] she [and her

husband] at the time hereinafter mentioned, occupied and were in the lawful possession of certain premises as their dwelling and home known as No. 380 Fourth street, up stairs, in the said city of Milwaukee; [that the husband of this plaintiff rented said premises from the said defendant for a monthly rent of fourteen dollars;] that on the 11th day of November, 1884, while this plaintiff stepped out from said dwelling and premises, the above-named defendant unlawfully, wrongfully, and forcibly took possession of said premises so occupied by this plaintiff [and her said husband] as their dwelling, and locked the doors thereof, and refused to admit this plaintiff into said dwelling, and kept her out of the possession thereof from that time to the present day; that this plaintiff had all her household furniture, clothes, and other utensils, beds and bedding in said premises; that in consequence of the wrongful acts of said defendant she was prevented to make use of her household utensils, and had to seek shelter, refuge, board, and lodging in the house of a friend and relative; that this plaintiff was at that time convalescing from a severe illness, and in consequence of being deprived of her necessary comforts and utensils in her state of convalescence, she was rendered more sick and had a partial relapse, all to the damage of the plaintiff in the sum of one thousand dollars.

"'Wherefore, this plaintiff demands judgment against the above-named defendant for the sum of two thousand dollars, and the costs of this action.'

"The defendant moved to strike out portions of the allegations in each cause of action alleged as irrelevant and redundant, and also to make the allegations in each more definite and certain. The court made an order denying the motion in part, but granting it, with costs against the plaintiff, so far as to strike out of the complaint the portions contained between the brackets. From the order so made, and the whole thereof, the plaintiff appeals."

For the appellant the cause was submitted on the brief of *M. N. Lando.* He contended, *inter alia*, that the practice of taking exceptions to trivial allegations and making motions to strike out an unnecessary word or phrase which does not harm in any way, ought not to be encouraged. *White v. Kidd*, 4 How. Pr. 68; *Hynds v. Griswold*, id. 69; *Clark v. Harwood*, 8 id. 470; *Essex v. N. Y. & C. R. Co.* 8 Hun, 361; *St. John v. Griffith*, 1 Abb. Pr. 39. Facts which might tend to aggravate damages may properly be stated in the complaint. *Root v. Foster*, 9 How. Pr. 37; Moak's Van Santv. Pl. (3d ed.), 242, 243.

For the respondent there was a brief by *Cotzhausen, Sylvester, Scheiber & Sloan*, and oral argument by *Mr. Sloan*.

CASSODAY, J. The first cause of action alleged seems to to be for personal injuries to the plaintiff by reason of the defendant "unlawfully, forcibly, and wrongfully" breaking and entering the dwelling-house occupied by the plaintiff and her husband, and then and there using "loud, boisterous, and insulting language" towards her while in poor health, to her damage. The second cause of action alleged seems to be for personal injuries to the plaintiff by reason of the defendant "unlawfully, wrongfully, and forcibly" taking possession of the premises so occupied by the plaintiff in her absence therefrom, and while she was in poor health, and then locking her out and keeping her therefrom. Such being the issues, there would seem to be no doubt but what the plaintiff may introduce any evidence under the complaint as it now stands that would have been relevant to such issues had nothing been stricken out of the complaint. The order, therefore, affects no substantial right of the plaintiff, and, assuming it to be erroneous, yet it should not for that reason be reversed. Sec. 2829, R. S.; *Sloteman v. Mack*, 61 Wis. 575. For the same reason it would seem, the defendant secured no substantial right by the order

and by the section cited the trial court was authorized to disregard the alleged defect in the pleading, and had it done so it would most certainly have been justified. True, some of the matter stricken out was technically irrelevant to either of the causes of action alleged, and the balance was a mere repetition of what was retained, and hence was technically redundant, so that the court was technically authorized to strike it out, with costs, on motion. Sec. 2683, R. S. But it is manifest that, should courts grant such motions whenever there is an irrelevant or redundant expression in a pleading, their time would be occupied by little else, and the determination of controversies would be thereby greatly retarded. We make these statements to discourage such motions except where the retention of such matter would affect the substantial rights of the adverse party, or the matter sought to be stricken out is scandalous. The motion was technical, and not calculated to secure any substantial benefit, and so is the appeal. The reasons for discouraging the one are equally potent in discouraging the other.

*By the Court.*— The order of the circuit court is affirmed.