McQUADE, Respondent, vs. THE CHICAGO & NORTHWESTERN RAILWAY COMPANY, Appellant.

*March 24 — April 12, 1887.*

*Contributory negligence: Pleading: Appealable order.*

Plaintiff's contributory negligence may be shown under a general denial. If specially pleaded the court may order that such plea be made definite and certain or be stricken out. And such order is not appealable.

APPEAL from the Circuit Court for *Sauk* County.

The following statement of the case was prepared by Mr. Justice TAYLOR as a part of the opinion:

This is an appeal from an order of the circuit court requiring the defendant to make his special answer more definite and certain. The complaint sets out a cause of action against the defendant to recover damages for an injury to the plaintiff, which it is alleged was received by the negligence of the railroad company. The complaint, after alleging facts showing that the company had negligently permitted

an engine to be used in their business which had defective steps, which the plaintiff was compelled to use in getting on and off said engine in the performance of his duty, alleged " that, in attempting to do so [that is, use the steps in descending] in a careful and prudent manner, and being so wholly unaware of the dangerous condition of said engine, said plaintiff, by reason of such defective and dangerous condition of said engine, was thrown," etc.   The defendant answered, first a denial of each and every allegation in the complaint; and, for a further and separate defense, " that the alleged injury in said complaint mentioned was caused or directly contributed to by the negligence and want of care on the part of the plaintiff, and not by the neglect of this defendant or its servants."

After the answer was filed, the plaintiff moved the court " for an order requiring that the answer of the said defendant in this action be made more definite and certain by amendment, so as to show and allege which act or acts of the plaintiff are claimed by the defendant to constitute contributory negligence and want of care, and so as to show how and in what manner the alleged negligence or want of care of said plaintiff caused or contributed to the injury complained of by the plaintiff in his complaint; or that the clause of said answer attempting to set up such contributory negligence and want of care be stricken out of said answer."   The motion was heard on the complaint and answer.   On the hearing of the motion the circuit court ordered that the defendant, within thirty days after service of a copy of the order, amend his answer as required by the said motion, and that in case of his failure to amend the same as required by the order, that portion of the answer alleging contributory negligence on the part of the plaintiff be stricken out.   From this order the defendant appeals to this court.

The cause was submitted for the appellant on the brief

of *Jenkins, Winkler, Fish & Smith*, and for the respondent on that of *G. Stevens*.

TAYLOR, J.   It has been held by this court that although the contributory negligence of the plaintiff is an affirmative defense to be made out by the defendant on the trial, such defense is admissible under a general denial, and that this is especially true when the complaint alleges that the injury happened to the plaintiff without any negligence or fault on his part. *Jones v. S. & F. du L. R. Co.* 42 Wis. 306, 310; *Cunningham v. Lyness*, 22 Wis. 245, 250; *Potter v. C. & N. W. R. Co.* 20 Wis. 533.   Under these authorities, the answer, setting out affirmatively that the plaintiff's negligence was the cause of or contributed to his injury, was wholly unnecessary after pleading a general denial of all the facts stated in the complaint.   If, therefore, the defendant insists upon keeping it on the record as a defense to the action, there would seem to be no reason why the ordinary rules regarding pleadings should not be applied to it by the court; and, under the decision made in *Young v. Lynch*, 66 Wis. 514, 519, it would seem the court might well direct that it should be made more definite and certain, unless the motion is met by proof that the defendant is unable to make it more definite and certain in the respect mentioned in the motion. But, whether the court was right or wrong in making the order, we are unable to see how the defendant is prejudiced by it.   If he does not comply with the order it is stricken from the record, and the defendant has still all the rights upon the trial, under his general denial, that he would have with his special answer remaining on the record.   The defendant not showing himself prejudiced in any way by the order appealed from, this court will not reverse the order. *Brachman v. Kuehnmuench*, 64 Wis. 249.

Appeals from orders which do not prejudice the rights of the appellant are not to be encouraged.   The order in this

case does not involve the merits of the action or any part thereof, nor does it come within any of the other provisions of the statute giving appeals from orders under sec. 3069, R. S.

*By the Court.*— The appeal is dismissed.