Wheelbr, J.
It is urged, in support of the demurrer, that the application for an injunction was not in time, and the statute prescribing the time within which an injunction to stay an execution upon a judgment may be granted is relied on. (Hart. Dig., art. 1500.)
The statute manifestly lias no application to an injunction sought for causes which have arisen subsequent to the rendition of the judgment, as payment and satisfaction, release, &c. Kor is the statute of limitations applicable to payments. It cannot, therefore, he objected that the injunction in tiffs case was not applied for in time.
Note 83. — Beardsley v. Hall, ante, 119.
It is further objected to the sufficiency of the petition that it does not aver that tiie several payments were not credited on the execution sought to he enjoined. It is, however, averred that execution has issued “ for Hie amount “ of said judgment, and a large amount of costs,” &c., and that “said execution “has been levied upon nine of the slaves, the property of the petitioner, and “the said slaves are about to be sold'by the sheriff to satisfy said judgment,” &c. The plain meaning of this statement is, that the plaintiff is proceeding to collect the amount of the judgment, notwithstanding the alleged payments; and we think the averment sufficiently specific and certain to that effect, especially on general demurrer. Had the objection now urged been taken by an exception to the petition, pointing out the supposed defect, there would be better reason for holding that the petition should have negatived, by averment, the fact of any credit upon the. execution. This, however, would be requiring very great specialty in pleading, and greater, it is believed, than has heretofore been required, except iu dilatory pleas, or pleading either regarded by the law with disfavor, or construed with more th;m ordinary strictness.
There does not appear to have been any good reason for making McKinney a party defendant to the suit for an injunction; but this objection was not well taken by a general demurrer; and, if rightly taken, it might have been obviated by amendment, and did not afford a ground for dismissing the case.
To so much of the petition as sought to charge the plaintiff in the judgment with the amount of claims alleged to have been placed in the hands of his attorney to be collected and applied in sal isfaetiou of the judgment, the demurrer was rightly sustained. The facts alleged did not show payment. But, in respect to the actual payments alleged to have been made, the averments of the petition wore sufficient to entitle the petitioner to relief, and under the. prayer for general-relief the appropriate relief, upon proof of the plaintiff’s case, might have been afforded him. There was error, therefore, in dismissing the case, for which the judgment must he reversed and the cause remanded for further proceedings.
Keversed and remanded.