A. E. THOMPSON *v.* N. O., J. & G. N. R. R. Co.

1. RAILROADS — LIABILITY FOR DAMAGES. — T. went aboard the cars, paid fare to Boguichitto.  The train did not stop, but ran past two miles to a water tank.  T. demanded that the train should return.  The conductor was courteous and polite, and submitted the option to T. to leave the train at the tank or ride to the next station and return to Boguichitto free of charge.  T. accepted the latter alternative; *held*, that this was a compulsory choice.  The train upon which he returned ran beyond the station and landed him about 150 yards beyond, and he voluntarily

jumped off, without injury. On the trial, the counsel for defendants demurred to the testimony, and the court sustained the demurrer; *held*, that this was error.

2. SAME — CASE IN JUDGMENT.—Although no bodily injury, mental suffering, insult, oppression, or pecuniary loss be shown, and though these concomitants of damages are disclaimed, yet if the railroad company failed in its obligation by neglecting to deliver its passenger at B., the passenger acquired a technical right of recovery, but the rule of punitive damages does not apply. Hence, although the damages are only nominal, nevertheless, the cause of action should be sustained.

ERROR to the Circuit Court of Lincoln county. Hon. J. M. SMILEY, Judge.

The facts in this case are sufficiently set forth in the opinion of the court.

*Cassidy & Stockdale*, for plaintiff in error :

The question presented by the demurrer is, do the facts admitted by the demurrer, not only as to what they prove, but what they tend to prove, also, justify the plaintiff in recovering or not, not the amount of the recovery, but the right to recover under the law ? M. & O. R. R. v. McArthur, 43 Miss., 184.

Do the facts show a cause of action ? Wherever the action is against a common carrier for breach of duty, the courts are inclined to consider it as founded in tort, unless a contract be very clearly shown by the declaration. Heirn v. McCaughan, 3 George, 39 ; N. O., J. & G. N. R. R. v. Hurst, 36 Miss., 668.

Railroad companies must carry passengers to their respective places of destination, and set them down safely, if human care and foresight can do it. M. & C. R. R. v. Whitfield, 44 Miss., 485.

*Harris & George*, for defendants in error:

We take the case of M. & O. R. R. v. McArthur, 43 Miss, 180, as a perfectly accurate exposition of the law governing demurrers to evidence.

Here, however, the evidence is direct, simple and free from ambiguity and the plaintiff voluntarily joined in the demurrer. If it be true that railroad companies should be held to a strict ac-

count for the safe transportation of passengers, it is equally true that the courts of the country should not be made to subserve the purposes of mere speculative litigation.   Cited Redfield on Railways, 252.   N. O., J. & G. N. R. R. Co. v. Hurst, 36 Miss., 668.
*Chrisman & Thompson*, on the same side filed a brief.

TARBELL, J., delivered the opinion of the court.

About November 16, 1870, Thompson went on board the cars of N. O., J. & G. N. R. R. Co., and paid his fare to Boguichitto. The train, however, did not stop at the station, but ran past about two miles, stopping at a water tank.   Thompson demanded of the conductor that the train should be backed to the station at Boguichitto, but the conductor said the train could not be backed.   He was courteous and polite; expressed regrets; said the blame attached to the engineer, who had been contrary all day; and submitted the option to Thompson to ride to the next station, with transportation back by the first train free of charge, or of leaving the train at the tank, where it then was.   The offer of a free ride Thompson accepted.   The train on which he returned ran beyond the station at Boguichitto, and landed him about 150 yards therefrom, the train slacking its speed, and he voluntarily jumped off while it was in motion, without injury.   Thompson had with him a roll of bagging, on which he paid no freight.   The mail trains were not in the habit of stopping at Boguichitto, but sometimes did so.   Thompson got on board the train at Brookhaven about dusk, and was landed at Boguichitto about midnight, being delayed some two or three hours.   Upon this state of facts, Thompson instituted this action against the company to recover damages.   He testified on the trial that he "could not say that he was pecuniarily damaged one cent."   No complaint is made of the conductors or other officers of the road, that they were guilty of any acts of rudeness, discourtesy or oppression; but it appears they were affable, and offered apologies for carrying Thompson by the station to which he was destined.

There was a demurrer to the evidence of the plaintiff, in which the plaintiff joined.

The court sustained the demurrer and dismissed the plaintiff's suit. Thereupon Thompson prosecuted a writ of error.

It is insisted in behalf of the plaintiff in error, that upon the facts, the right of action is absolute and complete. And counsel press the distinction between this right and the amount of damages which may be assessed by the jury. On the other hand, it is urged that this is, on its face, a speculative prosecution, and ought not to be sustained by the courts.

In Heirn v. McCaughan, 32 Miss., 17, the suit was by the husband and wife, against a common carrier by water, to recover damages for the neglect of the carrier's steamer to call for passengers at Pascagoula. The wife was in delicate health. They were exposed on the pier-head at Pascagoula from sundown at night until sunrise in the morning, during exceedingly uncomfortable and perilous weather. So intense was the cold, that McCaughan, to protect his wife, was compelled to surrender to her the use of his coat, and to remain through the night in his shirt sleeves.

Thompson, in the case at bar, makes no complaint of mental or bodily suffering, nor of danger from exposure to the weather or otherwise.

The case of the N. O., J. and G. N. R. R. Co. v. Hurst, 36 Miss., 660, was based on insult and compulsion on the part of the conductor. Nothing of the kind appears in the case at bar.

M. & O. R. R. Co. v. McArthur, 43 Miss., 180, was like the one at bar to the extent only of a demurrer to the evidence. The recovery in the case cited rested on the fact, that the plaintiff was carried five miles beyond the station at which he ought to have been landed, walking back to his proper station in the rain, arriving there between 12 and 1 o'clock at night, and that he was subject to chronic rheumatism. The case is, therefore, unlike the one at bar.

Between this case and that of the M & C. R. R. Co. v. Whit-

field, 44 Miss., 466, there is this difference, that the train ran several hundred yards past the station where Mr. Whitfield should have been deposited, and he was compelled to get out at a place, wet and slippery, and in alighting without assistance, fell and seriously injured his knees.

And in S. R. Co. v. Kendrick and wife, 40 Miss., 374, the action was to recover damages against the company for carrying Mrs. Kendrick a mile or two beyond her destination, setting her down in the night at a lonely, solitary point of the road, whence, in the care of two strange laborers, she had to walk over dangerous bridges and through woods, back to her home. The conductor offered to take her on until he should meet the return train, when he would pass her home free of charge, but this she declined. It will be observed of these cases, that the point specially litigated is as to the recovery of exemplary damages, while, in the case at bar, the question is, was the right of action, without reference to damages, complete, when the train failed to set the party down at Boguichitto, and the conductor gave him his option to get down at the tank or be taken to the next station and returned free of charge? In choosing to accept the alternative of a free ride to the next station and back to Boguichitto, did he thereby waive or compromise his right of action?

The court say in S. R. R. Co. v. Kendrick *et ux.*, *supra*, that " by the fifth instruction the court instructed the jury, that in actions of tort against common carriers, special damage need not be proved. This was improper, because it was indefinite, and calculated to mislead the jury. If it be understood as holding, that when there appears, by the evidence, to be negligence in the carrier to the wrong of the plaintiff, in such a case the plaintiff is entitled to recover nominal damages without proof of special damage; to that extent the rule was correct. But if it be taken to hold, that when the carrier has been guilty of negligence, the plaintiff may recover special or exemplary damages without any evidence tending to show circumstances of special injury or wrong, it was error."

And this is undoubtedly the correct rule, and by which the case at bar must be determined. There is no bodily injury, mental suffering, insult, oppression or pecuniary loss shown, indeed, these concomitants of damage are disclaimed. Yet, the railroad company failed in its obligations, when the train neglected to deliver its passenger at Boguichitto, and the option to him to get down at the tank or ride to the next station and return, was necessarily a compulsory choice. Upon the evidence, the plaintiff acquired a technical right of recovery, but the rule as to punitive damages does not apply. Hence, although the damages are only nominal, nevertheless, the cause of action ought to have been sustained, and a writ of inquiry awarded, to be executed under the appropriate directions of the court in such a case, as to which, *vide*, 2 Red. L. of Railways, 220 et seq.; S. & R, 646 et seq.; Sedgwick, 90, 128 note, 413 note, 665 note.

Ordered accordingly.    Code, § 413.