· M. F. MOTT, ADM'R, v. HENRY RUENBUHL.

(No. 110, Tex. L. J., vol. 1, p. 60.)

APPEAL from Galveston County. Opinion by ECTOR, P. J.

§ 599. *Non-joinder of parties.* The want of proper parties should be taken advantage of by special demurrer. If the demurrer, for want of proper parties, is sustained, the suit will not necessarily be dismissed, but the plaintiff may have leave to amend by bringing in the proper parties. In this case the other necessary parties came in, made themselves parties to the suit, and acknowledged themselves bound by the judgment. We can see no objection to the making of parties, during the progress of a cause, who have been omitted in bringing the suit. [Williams v. Bradbury, 9 Tex. 487; Shelby v. Burtis, 18 Tex. 644; Kegans v. Allcorn, 9 Tex. 34.]

§ **600.** *Administrator de bonis non; duties of.* Brown was administrator of the estate of Pfleger, and having been removed, Franklin was appointed administrator *de bonis non.* About the same time Brown filed his final account, in which he acknowledged a balance due the heirs of Pfleger, of whom there were four, amounting to $849.32. Brown died, and administration was granted on his estate. Appellant presented his claim to the administrator of Brown for one-fourth the amount due from Brown to Pfleger's estate. This claim was rejected, and this suit at once instituted. *Held,* if the estate of Brown is liable at all for money in the hands of Brown at the time he made his final settlement as administrator, it is first to Franklin, administrator *de bonis non.* It is the duty of an administrator *de bonis non* to collect and receive from his predecessor all the property of every description in his hands at the date of his removal.

§ **601.** *Statute of limitations.* It is the opinion of the court that as to plaintiff's cause of action the statute of limitations commenced running when Brown filed his

final report as administrator and was removed, and that it was barred by the four years' statute when this suit was instituted. At the time indicated, Brown ceased to be a trustee in any legal sense, and it was then the duty of Franklin, his successor, to require him to turn over all the money and effects which he had in his hands as administrator. His successor and the heirs and creditors of the estate were then put upon notice that he was no longer administrator. Appellee does not claim that he was laboring under any personal disability; he alleges no concealment; he does not aver recent discovery; but from his own showing he stands by in silence for over five years from Brown's renunciation of the trust, and after Brown's death, without demanding the money or even presenting a claim against his administrator. The plaintiff was not entitled to judgment on the pleadings and proof.

§ **602.** *Judgment against an estate; form of.* It is error in rendering judgment against an estate to order issuance of execution. The law provides that the judgment shall "be paid in due course of administration."

March 8, 1877.          Reversed and remanded.