JACOB CHAPMAN v. JAMES COPELAND.

1. PRACTICE. *Instructions conflicting.*
Where the evidence in a case is very conflicting, it is especially important that there should be no conflict in the instructions.

2. WATER-COURSE. *Damage by diversion. Instruction.*
In an action to recover damages for the flowage of the plaintiff's land, caused by the diversion of the water of a creek from its natural course through a ditch cut by the defendant, it is error to instruct the jury to find for the defendant, unless the plaintiff has sustained damage "in amount appreciable and ascertainable by evidence to the satisfaction of the jury." This charge, in requiring the plaintiff to prove special damages in order to a recovery, denies him the right to recover for nominal damages.

3. SAME. *Damage to land. Diversion of water before plaintiff's purchase.*
C. cut a ditch which diverted the water of a certain creek from its natural course through his land onto the land of L. A year afterwards J. C. purchased L.'s land, and after being in possession two years brought an action against C. to recover damages for the flowage of his land, caused by the ditch. The latter, in his defense, claimed that he was not liable if no damage resulted from any act of his done after J. C. purchased the land. *Held,* that if J. C. suffered damage from the ditch after his purchase, he was entitled to recover, whether C. did anything to the ditch after J. C.'s purchase or not.

ERROR to the Circuit Court of Yalobusha County.

Hon. L. C. BALCH, Special Judge, by agreement of parties, Hon. J. W. C. Watson being disqualified.

In 1872 the defendant in error cut a ditch, by which, it is alleged, the flow of the waters of a certain creek called Carr's Creek was diverted from his own land and thrown upon an adjoining plantation, then belonging to the estate of Robert Lusk, deceased, but which the plaintiff in error bought in June, 1873. In October, 1875, this suit was brought for alleged injury done to the plaintiff's land by this ditch. The testimony was conflicting as to whether any injury had resulted to the plaintiff from the ditch.

Amongst other instructions given for the defendant below were the following :

"2. Before the jury can find a verdict in this case for the plaintiff, they must be satisfied from the evidence that the

plaintiff has sustained damage by the act of the defendant, and that such damage was the natural and proximate cause of the defendant's act, and that such damage was in amount appreciable and ascertainable by evidence to the satisfaction of the jury.

" 3. If the jury believe from the evidence that the damage to the land of the plaintiff from the water of Carr's Branch would have been as much, or more; in the same place, if the ditch had never been touched by defendant after plaintiff's purchase of his land, then the jury will find for the defendant."

The verdict and judgment below were for the defendant, and the plaintiff sued out a writ of error.

*Walter & Walter*, for the plaintiff in error.

1. The second instruction for the defendant below is erroneous. It makes the appreciable damage, instead of the appreciable increase in the overflow, the test of recovery. For this the plaintiff was at least entitled to nominal damages. 1 Add. on Torts, 16, and authorities cited, especially the case of *Orphans, etc.*, v. *Schwartz.*

2. The third instruction for the defendant is also erroneous. It excludes all right of the plaintiff to recover for any damage sustained after his purchase. Aug. on Water-courses, sec. 399 *et seq.; Mississippi Central R. R. Co.* v. *Mason*, 51 Miss. 234.

*W. S. Chapman* and *M. L. Woods*, on the same side, filed an elaborate brief.

*Fly & Freeman*, for the defendant in error.

1. The plaintiff obstructed the Buford ditch and caused it to fill up in several places. If this had not been done, the ditch was sufficient to carry off the water. It is a general principle of law that a party seeking to recover damages must not only show his adversary to be in the wrong, but also that he has not contributed to the injury. *Mississippi Central R. R. Co.* v. *Mason*, 51 Miss. 243. If, by ordinary

care, the plaintiff might have avoided the injury, he is the author of his own wrong. *Dix* v. *Brown*, 41 Miss. 131.

2. Where a defendant has cut a ditch, and thereby caused water which had been deposited on his land to flow on the land of the plaintiff, that is *damnum absque injuria*, and the plaintiff cannot recover. Ang. on Water-courses, 124.

3. All of the defendant's instructions expounded the law correctly. But error in the instructions is not ground for reversal when it is manifest that the verdict was correct upon the facts. 44 Miss. 213, 467, 731, 763; 13 Smed. & M. 532; 53 Miss. 200.

*J. B. H. Hemingway*, on the same side, filed a brief.

CAMPBELL, J., delivered the opinion of the court.

The evidence in this case is very conflicting, and this made it especially important that there should be no conflict in the instructions to the jury. The instructions for the plaintiff propound the law correctly. The second instruction for defendant directs the jury to find for the defendant, unless the plaintiff had sustained damage " in amount appreciable and ascertainable by evidence to the satisfaction of the jury." This denies to plaintiff *nominal* damages, and requires him to prove *special* damage, as the consequence of the diversion of the water of Carr's Creek from its natural course, by the ditch of defendant, so as to flow on plaintiff's land. This is not the law. 2 Greenl. on Ev., sec. 474; Ang. on Water-courses, sec. 429 *et seq.; ib.* 416.

The third instruction for defendant is erroneous. If plaintiff suffered damage after he purchased the land, from the ditch of defendant, he is entitled to recover, whether the defendant did anything to the ditch after plaintiff's purchase or not. Ang. on Water-courses, sec. 399 *et seq.*

For the error in giving these instructions for the defendant, we reverse the judgment and remand the cause for a new trial.