Opinion by
White, P. J.'
§ 481. Pleading; misjoinder of parties; joinder of husband and wife in action for personal injury to wife; misjoinder and 'non-joinder of parties, how 'taken advantage of; case stated. M. A. Pollard, joined by her husband, A. J. Pollard, brought this suit against appellant to recover $1,000 damages for injuries caused her by being negligently carried upon the cars of said company, upon which she was a passenger, past and beyond the town of Wills Point, which was the station of her destination, on the night of the 22d of December, 1882. She alleges that after the train had gone some distance, about half a mile, beyond the depot at Wills Point, it was stopped at her instance, and she requested that the train be backed to Wills Point, that she might get off there, which request ivas refused by the officers, agents and servants of the company in charge of said train, who compelled her to leave and get off the train in the open prairie, with an infant child and satchel to carry, alone and in the dark. That she was sick and very feeble at the time, and that she was subjected to great fright and alarm, and distress of mind, in consequence of her feeble health and being alone and unprotected, and that the walk back to the depot, and bodily fatigue and exposure to the cold, caused her to be sick with cold and bronchitis for more than three weeks, and her life was thereby greatly endangered. And she claimed that on account of the gross negligence of the conductor and other employees on said train, in allowing her to pass her station without notice, or without announcing said station, and in refusing to take her back, disregarding her rights, and rendering her no assistance in getting back to the depot, and on account of her alarm, distress of mind and sickness, caused by the neg *425 ligent acts of said employees, she was damaged in the sum of 81,000, for which she prayed judgment. Defendant demurred generally, and urged special exceptions to the petition because it made no distinction between actual and exemplary damages, and did not indicate whether the suit was for actual or exemplary damages. Defendant answered by general denial. The general demurrer and special exceptions were overruled, and the trial before a jury resulted in a verdict and judgment for the plaintiffs for $1,000 and costs.
It is urged that the court erred in overruling the general demurrer, because there was a misjoinder of parties plaintiff; the rule being that the husband alone is the proper party to maintain an action to recover damages for a personal injury -to the wife. We have not had access to the full report of the case of H. & T. C. R’y Co. v. Burn et ux., to a synopsis of which we have been cited by appellant’s counsel. The decision seems to be based upon Ezell v. Dodson, 60 Tex. 331. In the last named case, the wife sued alone for damages for an assault and battery committed upon her during coverture; the petition alleging separation from her husband, and that her husband refused to join in the suit,—■ the court holds, Ch. J. Willie delivering the opinion, that the allegations as to separation were not sufficient, on special exception taken thereto by defendant, to show authority in the wife to sue alone. It' is not held that the wife is neither a necessary nor a proper party. On the contrary, the question for decision is stated to be, “ Can a married woman, living separate from her husband, sue, without joining him as a co-plaintiff, to recover damages for an assault and battery committed upon her during coverture, her husband refusing to join in the suit?” And again it is said in that case, “Ordinarily, there would be no difference between an action on contract and one upon tort, in reference to the wife’s right to bring the suit, without joining the husband as plaintiff, as the one is as much community property as the other. *426 Cases might arise, perhaps, where the wife could, under peculiar circumstances, sue alone for trespass to her person, whether she lived with her husband. or apart from him.” In the synopsis of the case of Burn and wife, above referred to, the court is reported as saying that, “ In a suit to recover damages for a personal injury done the wife, the husband is the proper party to maintain the action. The wife is, ordinarily, neither a proper nor a necessary party to the suit. It follows, therefore, that the district court was in error, in this case, in refusing to sustain the special exception of the defendant below, which brought in question the right of the wife to join her husband.” The authorities cited in the opinion are Sayles & Bassett’s Pl. & Pr. § 278; 28 Tex. 328; 12 Tex. 26; 7 Tex. 173. In addition to these, Sayles & Bassett, in the section referred to, cite 36 Tex. 689, and 37 Tex. 273. We have examined carefully each of the cases cited, and none of them appear to be so directly in point as to sustain the doctrine in the Burn case to the extent stated in the above extract from the synopsis of it. [See, also, ante, § 422; Craddock v. Goodwin, 54 Tex. 578.] Should the synopsis of that case, however, be correct, then recognizing it as the law, we hold that under that decision, as well as under Ezell v. Dodson, supra, objection to such misjoinder of parties, to be available, must be made by special exception, and cannot be made, as was attempted in this case, by general demurrer. If the non-joinder of parties be apparent of record, it cannot be reached by general demurrer. [R. R. Co. v. Le Gierse, 51 Tex. 189; W. & W. Con. Rep. § 599.] Nor can a misjoinder be reached by general demurrer. [Shelby v. Burtis, 18 Tex. 644; Williams v. Bradbury, 9 Tex. 487.]
§ 48 2. Pleading; actual and exemplary damages should be alleged separately. In Wallace v. Finberg, 46 Tex. 35, a separation of actual from exemplary damages, where both kinds are claimed, is recommended, but it is said, “ the practice,, however, has been to present them both together, and there has been no ruling of the court *427 adverse to it.” And in R. R. Co. v. Le Gierse, 51 Tex. 203, it is said, “We think the practice which should govern in all this class of cases, and which should be enforced by presiding judges below, is that indicated by this court in Wallace v. Rinberg, 46 Tex. 35, that when both actual and exemplary damages are sought, they should be claimed by proper allegations in the nature of two distinct counts, on different causes of action, or cross action, with averments respectively appropriate t’o each remedy, these being essentially different in the facts necessary to be alleged and proven.” Wé concur fully in this view of the matter, but until the rule is definitely settled that such mode of pleading is essential, we would not feel authorized in holding that it is reversible error in the lower court to overrule a special exception to the petition based upon this ground. In Zeliff V. Jennings, 61 Tex. 458, the rule is again alluded to without being definitely determined.'
§ 483. Contributory negligence need not be specially pleaded. Contributory negligence was not pleaded in defendant’s answer. Such defense, however, is admissible under a general denial. The rule is, that “the fact that the answer sets up a number of defenses other than contributory negligence, without pleading contributory negligence specially, does not preclude the defendant from relying on the defense of contributory negligence, under the plea of general denial.” [2 Thomp. on Neg. 1179, § 26; Cunningham v. Lyness, 22 Wis. 245; W. & W. Con. Rep. § 382.]
§ 484. Duty of railroad to pul off passenger at place of destination; duty to call out stations, etc.; contributory neglect; rules as to. Upon the question of contributory negligence, the court charged as follows: “If the plaintiff, M. A. Pollard, was 'guilty of contributory negligence, that is, if she did not use the ordinary diligence as one traveling as she was, and surrounded by circumstances as she was surrounded, should use, then the plaintiffs would not be entitled to recover.” Appellant *428 asked the following special charge, which by the court was refused, to wit: “If the jury believe, from the testimony in this case, that the plaintiff did not exercise ordinary care at the time of the alleged wrong, and that her negligence or want of ordinary care was the proximate cause of the injury complained of, or contributed to, or was the occasion of, said injury, if any there was, the plaintiff cannot recover, and you will find for the defendant.”
The testimony shows that appellee took the train at Mineóla late in the afternoon, traveling alone; that she had traveled over the road frequently; that she was in feeble health; that she knew she would arrive at Wills Point after night; that it was dark and cold; that she had her child and valise with her; that she had made no arrangement for any one to meet her at the train; that she had to go five hundred yards from the depot to the place at which she intended to stop; that the car she was in was crowded; that the train stopped at Wills Point long enough for her to get off; that she was talking to another lady sitting by her when the train stopped; that she did not hear them call the station; that she was listening for them to do so; did not inquire the causq of the stopping. Passenger trains usually sounded the whistle when they came into Wills Point.”
Our statutory provisions, and the only ones now in force bearing upon this matter, are: “Every such corporation shall start and run their cars for the transportation of passengers and property at regular times, to be fixed by public notice, and shall furnish sufficient accommodations for the transportation of all such passengers and property as shall, within a reasonable time previous thereto, offer, or be offered, for transportation, at the place of starting, and at the junction of other railroads, and at sidings and stopping places established for receiving and discharging way passengers and freight, and shall take, transport and discharge such passengers and property at, from and to such places, on the payment of *429 the tolls, freight or fare legally authorized therefor.” [E. S. art. 4226.] “In case of refusal of such corporation or agents , so to take and transport any person or property, or to deliver the same, or either of them, at the regular or appointed time, such corporation shall pay to the party aggrieved all damages which shall be sustained thereby, with costs of suit.” [E. S. art. 4227.] Whilst these provisions make it the duty of the corporation to take, transport and dispose of a passenger at the point of destination, the mode and manner of the discharge is not pointed out. But the rule is well settled that “ railway companies, in order to afford an opportunity to passengers to leave the cars at their places of destination, are bound to have announced the names of the different stations upon the arrival of the train, and then stop their train a sufficient length of time for passengers to get off without danger or injury to their persons.” [Thomp. on Carriers of Bass. 226; 2 Eed. on E’ys, 241.] Appellee’s testimony is positive that the names of the stations were not called that night, and there is no evidence of a positive character which tends in the slightest degree to contradict this testimony. As soon as she found she was passing her destination, she had the cars immediately stopped, and requested that the train be backed to the depot, a distance of some three or four hundred yards, which request was refused. It is evident from the facts that the first negligence was committed by the defendant corporation in not calling or announcing the station, as it was bound to do. Suppose it be admitted that the plaintiff, by the use of ordinary care, could have avoided the injury, and that ordinary care would have required of her to be upon the qui vive, and look out for her arrival at the station. What then? The general rule is that a plaintiff, under the doctrine of contributory negligence, cannot recover if the injury is the result of the want of ordinary care on the part of both, or if, by the use of ordinary care, the plaintiff might have avoided the injury. [Field on Dam. § 167.] *430 But this rule is qualified as follows: “ The plaintiff cannot recover, notwithstanding the negligence on the part of the defendant, if he has so far contributed to the accident, by the want of ordinary care, that but for that the accident would not have happened; but, though the plaintiff has so contributed to the accident, he is not dis-entitled to recover if the defendant, by ordinary care, could have avoided the consequences of the plaintiff’s neglect.” [Field on Dam. § 170; Pierce on Railroads, 325.] If it be conceded that plaintiff was guilty of want of ordinary care in not looking out for her station, though it was not „ announced, then, most clearly, in either aspect of the case, the defendant could have avoided the consequences of such neglect by the use of ordinary care, to wit, by backing the train a few hundred yards to the depot. Having failed to do so, whether defendant’s first neglect was the primary and proximate cause of the injury can make no difference, if its second was, as is manifestly the case, the unquestioned proximate cause. The negligence of the plaintiff, to be a defense, must be contributory to the accident. [R. R. Co. v. Van Horn, 33 N. J. L. 133.] In the case of the R. R. Co. v. Hurst, 36 Miss. 661, the plaintiff sued the railroad for carrying him about four hundred yards beyond the depot, and compelling him to get off at that point. There was no pecuniary or physical injury, but the conductor had, “in an impudent manner,” refused to back the train, and required the plaintiff to alight. The jury, under the instructions of the court permitting them to find exemplary damages, returned a verdict for $4,500. The supreme court, in affirming the judgment, say: “ The declaration shows that the plaintiff in error compelled defendant to leave the train at a great distance from the place at which he should have been allowed to get off. Here is not only a breach of contract and a violation of public duty by the plaintiff in error as a common carrier, but a wilful and forcible wrong.” In the R. R. Co. v. Kendrick et ux. 40 Miss. 374, the female *431 plaintiff, not knowing when the train stopped at her station, was carried to a water-tank about a mile and a half beyond, where she was placed by the conductor in charge of two negroes, who were directed to carry her baggage and escort her back to the depot. It was conceded that the conduct of the conductor was courteous, and that the negroes were polite and faithful. She sustained no injury and suffered no mental anxiety, except such as was necessarily incident to making a journey of that distance at night in charge of two strange negro men. The verdict was for $5,000, and though the judgment was reversed, the court reaffirmed the principles announced in R. R. Co. v. Hurst, supra. [See, also, upon this subject, the following authorities: 3 Sutherland on Dam. 252; Thompson v. R. R. Co. 50 Miss. 315; Porter v. Steamboat New England, 17 Mo. 290; Sunday v. Gordon, 1 Blatchf. & H. 569; R. R. Co. v. Nuzam, 50 Ind. 141; Thomp. on Carriers of Pass. 66; Dawson v. R. R. Co. 11 Am. & Eng. R. R. Cases, 134.]
§ 485. Negligence; what constitutes. Negligence is the failure-to observe, for the protection of another’s inter-, ests, such care, precaution and diligence as the circumstances justly demand, and the want of which causes him injury. [8 Am. & Eng. R. R. Cases, 493.]
§ 486. Same; is a question for the jury. When the circumstances surrounding the act complained of are in dispute, the question whether there is negligence or not, is a mixed one of law and fact, and the jury in such case pass on what facts amount to negligence, and assess reasonable damages therefor. [Dawson v. R. R. Co. 11 Am. & Eng. R. R. Cases, 134.]
§ 487. Damages; what character of, are reasonable and allowable. As to what character of damages are reasonable and allowable incases like this, Mr. Sutherland says: “The carrier must make compensation according to the nature of the injury, when the proper action is brought; such injury may consist of personal inconvenience, sickness, loss of time, bodily and mental suffering, loss of *432 capacity to earn money, personal injury, pecuniary expenses, disfigurement, or permanent physical or mental impairment. There is no precise rule by which the extent of recovery for pain and suffering can be measured; but it is well established that they are to be compensated when they result from injuries received by the party suing, from the wrongful acts or culpable negligence of the defendant. The determination of the amount is committed to the judgment and good sense of jurors, subject to the practical revision of the court to correct and relieve from manifest excess; and it seems to be now established, that not only bodily pain, but connected with bodily injury, mental suffering — suspense, fright, sense of wrong from insult or indignity — may be treated, when the facts will justify it, as an element of the injury for'which damages for compensation should be allowed.” [3 Sutherland, Dam. 259; ante, § 416.] In this case, the charge of the court was sufficiently full and explicit, and there was no error in refusing the special charges requested.
§ 488. Argument of counsel; rules as to; verdict held to be not excessive. The plaintiff’s attorney, in his closing address to the jury, used the following language, to wit: “ I want you to understand, gentlemen of the jury, that your verdict in this case will be remembered as an evidence of the estimate of the rights of the women of the country and your families to the respect and protection due them at the hands of the railroad, and as you estimate them and their rights, so find by your verdict. If they are entitled to no respect and protection, find nothing for the plaintiff. If they are entitled to but little, find but little for plaintiff. If they are entitled to proper respect and protection, find for the plaintiff the amount of her claim; you can fix the estimate yourselves by your verdict.” We may concede that this line of argument was unauthorized and reprehensible; the question then is, Did it probably influence and prejudice the minds of the jury, and cause them to render an improper *433 or excessive verdict? That, we take it, would be the prbper criterion by which to judge of the character of such arguments in civil cases. [Willis v. McNeill, 57 Tex. 474; R. R Co. v. Jarrell, 60 Tex. 267.] 'The verdict and judgment were for $1,000. The claim was for both actual and exemplary damages. Suppose there had been no claim for exemplary damages, and the verdict and judgment had been for $1,000 actual damages; could we, under the facts and circumstances of this case, have said that such a verdict, for such an amount, was either improper or excessive? We think not. We are of the opinion that if the negligence and liability of the company is fixed in this case, and we think we have shown that it is, then $1,000 for the injuries proven are by no means in excess of the actual damages. Such line of argument is, however, not to be commended, and an attorney always endangers the rights of his client when he travels out of the legitimate scope of the record.
December 3, 1884.
Affirmed.