MISSISSIPPI CENTRAL RAILROAD COMPANY v. ZEBULON MAGEE.

[46 South. 716.]

1. RAILROADS. *Waters and water courses. Overflowing land. Damages. Right to recover. Scope.*

In an action against a railroad company for the improper construction of its roadbed and consequent obstruction of a water course and overflow of plaintiff's land, he cannot recover:—

(*a*) For an overflow occurring before he acquired title to the premises; nor

(*b*) For damages accruing after the bringing of the suit, the injury being a continuing one; nor

(*c*) For damages to other land, not mentioned in the declaration.

2. SAME. *Damages limited. Evidence.*

In such case, the plaintiff's right to recover being made out, the jury should only award him such damages as the evidence warrants, not such as the jurors may think he should be given.

FROM the circuit court of Jefferson Davis county.

HON. WILEY H. POTTER, Judge.

Magee, appellee, was plaintiff in the court below; the railroad company, appellant, was defendant there. From a judgfent in plaintiff's favor defendant appealed to the supreme court.

The plaintiff sued to recover damages for the alleged changing by defendant, of a water course by building a railroad embankment through and adjacent to plaintiff's land, the declaration charging that defendant, in the construction of the same had carelessly, negligently, and unnecessarily diverted the flow of water upon plaintiff's land on the south side of said railroad, so as to render worthless about sixteen acres of said land.

*S. E. Travis,* for appellant.

The declaration alleged that sixteen acres of land had been rendered worthless. The appellant was only required to meet

that allegation, as of the date the suit was begun. It developed from the testimony that most of the alleged damage occurred after the beginning of the suit, the result of the June 1907 flood. It has been held by this court that where one purchases land after a railroad has been constructed through it he may recover for damages resulting to him from improper construction between the time of his purchase and the beginning of his suit, although the railroad was guilty of no negligence after his purchase, but that is not the case here. The proper trial of this cause was greatly embarrassed, the jury doubtless strongly influenced, by irrelevant testimony. The evidence should have been confined to the issue made by the pleadings.

This court in the case of *Railroad Co. v. Hartley,* 88 Miss. 676, 41 South. 382, said: "But there is fatal error in the record in this: that the plaintiff was allowed to prove the deterioration in value in his property caused by the trespass after the filing of the declaration and up to January 5th 1905." This is sustained by the following: *Polly v. McCall,* 27 Ala. 20; *Dorman v. Ames,* 12 Minn. 451; *Markt v. Davis,* 46 Mo. App. 272; *Duryea v. City of New York,* 26 Hun. 120; *Railway Co. v. Seymour,* 63 Tex. 345; *Rogers v. Broom, etc., Co.,* 39 W. Va. 272, 19 S. E. 401.

Then the jury were charged to assess damages at whatever amount "they may think" the appellee entitled to receive. This clause of the instruction is qualified in no way. The jury are not told to assess such damages as have been proved, or as shown by the evidence to have been inflicted by the appellant. They are simply directed to assess such damages as "they may think" regardless of allegation or proof.

This court said in the case of *Railroad Co. v. Smith,* 82 Miss. 656, 35 South. 168, "Verdicts must be based upon the facts of the case, not upon the whim or wishes, the likes or dislikes, of the members of the jury."

The first clause of appellant's refused instruction number one stated that the appellant was not liable for damages accru-

ing to said lands prior to appellee's purchase thereof. That is the law.

The case of *Chapman v. Copeland,* 55 Miss. 476, sustains this view.

The second clause of the instruction was on the question of damages arising since the filing of the suit and correctly stated the law on that subject.

*J. C. Carlton,* on same side.

The injury complained of resulted from the extraordinary flood, June 26, 1907, as conclusively shown by the testimony, and appellant is not liable therefor. In support of this contention, we cite the following: 8 Am. & Eng. Ency. of Law (2d ed.) 70; 28 Am. & Eng. Ency. of Law (2d ed.) 961; *Railroad Co. v. Gilleyland,* 56 Penn. St. 454; *Kansas City, etc., R. Co. v. Smith,* 72 Miss. 677; 17 South. 78; *Yazoo, etc., R. Co. v. Davis,* 73 Miss. 678; 19 South. 487; *Long v. Penn. R. Co.,* 147 Pa. St. 343; *Wald v. Pittsburg R. Co.,* 162 Ill. 545; 5 Am. & Eng. R. Cas. (N. S.) 70; *Lipfold v. Charlotte R. Co.,* 7 Rich. L. (S. C.) 409; *Nashville R. Co., v. David,* 6 Heisk. (Tenn.) 261; 19 Am. Rep. 595; *Railroad Co. v. Bridges,* 86 Ala. 452: *Davis v. Wabash R. Co.,* 89 Mo. 340; *Gleeson v. Va. Mid. R. Co.,* 140 U. S. 435.

*George Wood Magee,* for appellee.

It is claimed by appellant that appellee is not entitled to recover in this case as he bought the land after the ditch was dug. The decisions of this court are against appellant on this point.

In the case of *Chapman v. Copeland,* 55 Miss. 476, the court says: "If plaintiff suffered damage after he purchased the land, from the ditch of defendant, he is entitled to recover, whether the defendant did anything to the ditch after plaintiff's purchase or not."

In the case of *Mississippi, etc., R. Co. v. Archibald,* 67 Miss. 38, 7 South. 212, the court said: "A railroad company

which has negligently suffered a dam built by it across a natural water course to remain in condition to overflow the lands above it, is liable to the owner for injury to said lands resulting from an overflow, although such owner purchased the land after the erection of the dam and with knowledge of its effects, and although no positive acts of the company have intervened since the purchase. The wrong is a continuing one."

It was not error to admit evidence of damage done the land after the beginning of the suit in this case. Counsel, I think, misconstrue the *Hartley case,* 88 Miss. 674, 41 South. 382. This was a case of trespass to the land of Hartley by the appellant railroad company.

Every repeated trespass constituted an independant cause of action. And in a case of mere trespass, as that was, damages up to the time of filing the suit only could be recovered.

In the case at bar the one act of the appellant, that is, the act of negligently digging the ditch, and leaving the same unfinished and obstructed, and in not giving the water on the north side of the railroad an outlet to the creek; these acts of the appellant were the cause of the damage. No other act on the part of appellant is shown by the evidence to have been committed such as would constitute a cause of action in this case.

"Whether damages should be assessed only up to the institution of the suit or to the rendition of the verdict, or compensation should also be allowed for the injury likely to be occasioned by the wrongful act, depends upon the facts of the particular case; if the damages arising subsequent to the date of the writ are merely incidental to the cause of action, or, are so closely connected with it, that they would not of themselves be the basis of a distinct action, and will continue independently of any subsequent wrongful act, they should be assessed up to the time of the verdict, and when certain to accrue, for the future as well." 13 Cyc. 254 and citation of authorities.

The evidence in this case shows the injury to be permanent, and the rule of law is, if the injury is permanent, the damages should be estimated and assessed up to the time of trial. 15

Century Digest, title "Damages" Sec. 567 and authorities cited. *Righland Ave. & B. R. Co. v. Matthews,* 10 South. 267; *Chicago, etc., R. Co. v. Robbins,* 43 N. E. 332; *Cooper v. Randall,* 59 Ill. 317; Freeman on Judgments 241; Sutherland Damages, 403.

WHITFIELD, C. J., delivered the opinion of the court.

It was manifest and fatal error to refuse the first instruction asked for the defendant, in the following words: "The court instructs the jury, for the defendant, that plaintiff is in no event entitled to recover any damages to the land in question prior to the date of his purchase thereof of his father, or subsequent to the filing of this suit." Obviously, the plaintiff had no right to recover any damages from the overflow of the land prior to his acquisition of title to the land; and in this character of suit, the injury being a continuing one, he was entitled to recover only the damage accruing up to the time of the institution of the suit. *Chapman v. Copeland,* 55 Miss. 476; *Railroad Co. v. Archibald,* 67 Miss. 38, 7 South. 212.

On this declaration it was also error to permit evidence to go to the jury as to damage to land north of the railroad. The declaration on a new trial should be amended to state accurately the land which it is claimed was damaged. The appellee himself states, in his testimony in this case, that he was only claiming damage to the tract south of the railroad, composing about sixteen acres.

Certain of the instructions authorized the jury to assess the damages at whatever amount they may think appellee was entitled to receive. Such instructions should always state that the jury are entitled to award such damages as the testimony may warrant; not whatever sum the jury may think right. This error would not, however, be reversible here, because one of the instructions does state the matter correctly; but this error should be avoided in the future.

The judgment is reversed, and the cause remanded.

*Reversed.*