KELLUM *v.* COOPERATIVE CREAMERY ASSOCIATION, INC.

No. 41501          May 9, 1960          120 So. 2d 433

*P. L. Douglas,* Starkville, for appellant.

*McKee & McDowell,* Starkville, for appellee.

Lee, J.

James L. Kellum sued Cooperative Creamery Association, Inc. to recover damages for personal injuries alleged to have been sustained by him on October 3, 1957, when the truck of the defendant, driven by its employee Reuben Morgan, collided with the taxicab which he was driving. The jury returned a verdict for the defendant and the plaintiff appealed.

Kellum assigned and has argued that the court erred in refusing to give his requested peremptory instruction to the jury to find for him, in granting the defendant two certain instructions on the merits, and in overruling his motion for a new trial because, he says, the verdict was contrary to the overwhelming weight of the evidence.

Without detailing the evidence, it is clear that the collision of the two vehicles was caused by the negligence of Reuben Morgan; but it was sharply disputed as to whether Kellum sustained an injury. It was his version that the taxicab was knocked forward six or eight feet and that he sustained a "whiplash" injury which has caused him much pain and at times has disabled him. His wife gave corroboration in regard to pain, etc. But he admitted that he did not go to a doctor for examination as to this injury until about one year

later. He also admitted that he had been in two other wrecks, namely, on May 31, 1956, and October 6, 1957, the latter being only three days after the occurrence for which this suit was brought. It was stipulated that the damage to the taxicab as a result of the collision on October 3, 1957, was only $13.57, whereas the damage resulting from the wreck on October 6, 1957, amounted to $353.60. In addition, Kellum admitted that he filed a suit as a result of one of these wrecks, in which he claimed an injury to a different part of his neck, and that it was settled for $750. Dr. Brewer, to whom Kellum finally went, and who saw him only twice professionally, frankly admitted that he could not say which of the three wrecks was responsible for Kellum's present trouble.

On the contrary, Morgan testified that he was driving so slowly that the taxicab did not move after the truck made contact. Two police officers of the City of Starkville went to the scene immediately after the wreck, and they testified that the only damages to the taxicab was a broken taillight and a bent rear bumper guard. When they inquired as to whether Kellum and Morgan were injured, both of them replied that they were not hurt. According to Robert Lee McDavid, Kellum explained to him, on the day after the wreck, how it occurred, and McDavid testified that when he asked "The main thing I want to find out, was anybody hurt?", Kellum replied "No."

The appellant's request that the jury be peremptorily instructed to find for him was properly refused. Phillips v. Delta Motor Lines, Inc., 235 Miss. 1, 108 So. 2d 409, is directly in point. It held that, to recover, there must be both negligence and damage. Syllabus 5 thereof says: "Even if jury found that truck driver was negligent, guest in automobile struck by the truck would not be entitled to recover unless the jury believed from the evidence that she had been injured as a result of the truck driver's negligence." The truck driver in

that case was guilty of negligence just as Morgan was negligent in the present case. In that case, on the issue as to whether Mrs. Phillips sustained an injury, the evidence was conflicting and the jury decided against her. In the present case, the evidence as to whether or not the appellant sustained an injury on the occasion here in question was conflicting, and the jury had ample evidence from which to conclude that Kellum sustained no injury at that time.

There was no conflict in the instructions which were given to the parties on the merits. Both versions stated the correct legal principle and were couched in language as favorable as possible to their respective theories. For instance, for the appellant, the jury were simply told that if they believed from a preponderance of the evidence the alleged facts and circumstances as therein set out, they should find a verdict for him. On the contrary, for the appellee, they were instructed that, unless they believed such facts and circumstances from a preponderance of the evidence, the jury should find a verdict for it.

The verdict was not against the great weight of the evidence, and the court was not in error in overruling the motion for a new trial.

From which it follows that the judgment of the trial court must be, and it is, affirmed.

Affirmed.

*McGehee, C. J.,* and *Kyle, Ethridge* and *Gillespie, JJ.,* concur.