BUMGART, et ux. *v.* BAILEY, et al.

No. 42765          October 21, 1963          156 So. 2d 823

*J. W. Kellum,* Sumner, for appellants.

*Walter E. Dreaden,* Lambert; *Talbot, Sullivan & Dunbar,* Clarksdale, for appellees.

RODGERS, J.

This suit grew out of an alleged assault and battery by appellees upon the person of appellants. Plaintiffs, appellants here, filed separate suits against defendants, and defendants filed separate answers. The court sustained a motion by the parties to consolidate the two suits for trial. The facts were presented to a jury, re-

sulting in a verdict for defendants. Appellees have appealed from the judgment of the circuit court and complained that the trial judge granted the jury two instructions, at the instance of defendants, which were erroneous and harmful. They are as follows:

Instruction No. 2: "The Court instructs the Jury for the defendants that the burden is on the plaintiffs to prove by a preponderance of the evidence and with reasonable certainty that they have suffered damages in this case; and such damages, if any, cannot be established by mere surmise, conjecture or speculation, but must be reasonably certain. You cannot return a verdict for compensatory damages in favor of the plaintiffs where such damages are merely speculative and based upon conjecture or surmise."

Instruction No. 5: "The Court instructs the Jury for the defendant that the actual damages are those damages that may be awarded by a jury to reasonably compensate a plaintiff for damages actually sustained and that before such damages may be awarded by the jury such damages must be established by a preponderance of the evidence. The jury may not award actual damages which have not been established by a preponderance of the evidence nor may the jury award such damages the amount of which is based upon conjecture or speculation."

Appellants contend that "Since the law implies damages for every legal wrong * * * these two instructions do not correctly state the law of this State."

■■ ■ The first instruction tells the jury that before plaintiff can recover, they must show that they have suffered damage. We agree with appellants on the grounds alleged in their declaration. This is not the rule in this State. This Court said in Doherty v. Miss. Power Company, 178 Miss. 204, 173 So. 287, that: "The law presumes damage from the infringement of a legal right." In Rose v. Louisville N. O. & T. R. Co., 70

Miss. 725, 12 So. 825, 35 Am. St. Rep. 686, this Court said "* * * The law implies damages for every wrong." In Morrow v. Barron Motor Co., 229 Miss. 51, 90 So. 2d 20, this Court cited 25 C. J. S., Damages, § '§ 8, 9, and said: "Nevertheless, nominal damages may be recovered where a cause of action for a legal wrong is established, but there is no proof of actual damages." See also Thompson v. N. O., J. & G. N. R. R. Co., 50 Miss. 315; Keirn v. Warfield, 60 Miss. 799; 15 Am. Jur., Damages, §8, p. 395.

We pointed out in Wells v. Branscome, 222 Miss. 1, 74 So. 2d 743, that a jury could allow nominal damages in an actionable word suit (§ 1059, Code 1942), which are not given as an equivalent for a wrong but in recognition of a technical injury, and by way of declaring the right.

The general rule is set out in 6 Am. Jur. 2d, Assault and Battery, § 180, p. 148, and is as follows: "Nominal damages may be awarded in an action for assault and battery where no actual damage has been inflicted, where the damage inflicted is very slight, or where there are strong mitigating circumstances, and even if the result of the assault and battery committed by the defendant was beneficial to the plaintiff." In the case of Billups Petroleum Company v. Entrekin, 209 Miss. 302, 46 So. 2d 781, 787, we pointed out that "Recovery in tort is compensatory only save in cases of wilful wrong."

The rule here invoked is not the rule with reference to ordinary negligence cases. In Phillips v. Delta Motor Lines, Inc., 235 Miss. 1, 108 So. 2d 409, (later cited in Kellum v. Cooperative Creamery Association, Inc., 238 Miss. 731, 120 So. 2d 433), this Court pointed out that "Although there has been negligence in the performance of a legal duty, yet it is only those who have suffered damage therefrom that may maintain an action therefor." The rule we are dealing with in the instant case

is the right of a plaintiff to recover nominal damages for the violation of a right by an alleged *intended* wrong. It is said "negligence" and "intentional" are contradictory. Gabeline v. Smith, 80 S. W. 961, 963, 106 Mo. App. 545.

The rule here involved is stated in Restatement of the Law, Torts, Chap. 47, § 907, in the following language: "Nominal damages can be awarded where the defendant has invaded an interest of the plaintiff protected against non-harmful conduct of the sort committed by the defendant and no harm has been proved. In such cases harm is not requisite to a cause of action and nominal damages can be awarded, although there is proof that there has been and will be no substantial harm. This is true in actions for trespass to the person * * * written defamation and certain types of oral defamation * * * malicious prosecution whether or not involving harm to the person * * *" See also Harper and James, The Law of Torts, Vol. 2, § 25.1, p. 1299.

A large proportion of actionable wrongs grows out of negligence, which is neither an intent to commit an injury nor a mental condition entirely free from fault. There is, however, a wide difference between one's injuring another wilfully and doing him like harm unmeant. Many unintended injuries are actionable, and actual damages must be shown to exist, but even for these, in some cases, damages may be enhanced by *showing* the wrong to have been wilfully or so wantonly done as to evince utter disregard for the rights of others, under such circumstances as to amount to wilful wrongs. ■■ ■ We have therefore reached the conclusion, from a study of this case, that it is error for the court to grant an instruction advising the jury that it is necessary to find that plaintiff has suffered actual damages to his person or property in actions based upon wilful wrongs, or intentional injuries, before the jury is permitted to return a verdict for the injured plaintiff.

██ █ Instruction Number 5 defining "actual damages" is not erroneous when read alone, but is misleading when read in connection with Instruction Number 2. See 4 Am. Jur., Assault and Battery, § 182, p. 213; 15 Am. Jur., Damages, § 9, p. 397.

In Chapman v. Copeland, 55 Miss. 476, the trial court, in a case where defendant diverted water upon plaintiff's land, instructed the jury to find for defendant unless plaintiff had sustained damages "in amount appreciable and ascertainable by evidence to the satisfaction of the jury" and this Court held that this instruction "denies to plaintiff nominal damages, and requires him to prove special damage * * *" The case was reversed for a new trial.

We are of the opinion that Instruction Number 2 is erroneous and harmful, and we do not believe that plaintiffs' instructions cured the error so as to prevent a reversal of this case. The judgment of the circuit court will therefore be reversed and appellants granted a new trial.

Reversed and remanded.

*Lee, P. J., and Kyle, McElroy and Jones, JJ.,* concur.