285 So.2d 163 (1973)
Charles WILLIAMS, Plaintiff-Appellant,
v.
Jerry WIGGINS, Defendant-Appellee.
No. 47227.
Supreme Court of Mississippi.
October 15, 1973.
Rehearing Denied December 3, 1973.
Boyce Holleman, Jim W. Rose, Gulfport, for plaintiff-appellant.
Bryan, Gordon, Nelson & Allen, David L. Cobb, Gulfport, for defendant-appellee.
PATTERSON, Justice:
Charles Williams brought this suit against Jerry Wiggins in the Circuit Court *164 of Hancock County for injuries alleged to have been suffered by him as the result of an automobile accident. The jury returned a verdict for Williams in the sum of $00.00 even though it was peremptorily instructed by the court that the defendant was liable. Williams appeals, contending that the verdict of the jury evinced bias, passion and prejudice against him and that the lower court improperly granted the defendant an instruction in conflict with the peremptory instruction.
Although he did not file a cross appeal Wiggins now argues that the lower court erred in peremptorily instructing the jury on liability and in any event the verdict of $00.00 was supported by the evidence.
In the absence of a cross appeal the issue of liability vel non is not before this Court. Mississippi Baptist Hospital v. Holmes, 214 Miss. 906, 55 So.2d 142, 56 So.2d 709 (1952); Caston v. Caston, 54 Miss. 512 (1877); Mississippi Supreme Court Rule 6 adopted December 20, 1967; and Merchants Fertilizer and Phosphate Company v. Standard Cotton Gin, 199 Miss. 201, 23 So.2d 906 (1945), wherein we stated:
... It is not sufficient for an appellee merely to argue errors, claimed to his prejudice, in his reply brief, as was done here. So we consider the direct appeal only. (199 Miss. at 206, 23 So.2d at 906)
The peremptory instruction[1] withdrew from the jury's consideration the issue of negligence and proximate cause. The only question remaining for its determination was whether the appellant was injured and if so, the ascertainment of his damages. The peremptory instruction directs this issue to be considered in accordance with the other instructions granted by the court. These instructions, when considered together, fairly state the sole issue for the jury's determination, that of injury.
The remaining question is whether the verdict of $00.00 was responsive to the evidence. We conclude that it was not compatible either with the court's instructions or with the evidence since the latter was conclusive that the appellant was injured. If refuted at all, it is by the general statements of a defense witness that although appellant was "shook up," he did not appear to be injured and was observed at the ball park subsequent to the accident.
The evidence beyond that mentioned, including the testimony of medical doctors, is that the appellant was injured as the result of the defendant's negligence. While it is true the injuries received were probably difficult to specifically ascertain since the appellant had been previously injured in the same area of his back, nevertheless this difficulty does not preclude an award.
The cases urged by the appellee in support of his premise that no damages should be recovered by the appellant  Southern CATV Systems, Inc. v. Howard, 237 So.2d 452 (Miss. 1970); Mooney v. Lawley, 214 So.2d 679 (Miss. 1968); Kellum v. Cooperative Creamery Association, Inc., 238 Miss. 731, 120 So.2d 433 (1960); and Phillips v. Delta Motor Lines, Inc., 235 Miss. 1, 108 So.2d 409 (1959)  are distinguished from the factual circumstances in this proceeding since in each of them there was a conflict of evidence as to whether actual injuries were received by the various plaintiffs which demanded resolution.
There exists no such conflict to be resolved here, the question presently being, "did the jury respond to the evidence before it?" Neither are we presently concerned with the propriety of an award of nominal damages which can only be granted *165 in the absence of actual injury in cases of intentional tort. In cases of common law negligence where there is no actual injury, an award of nominal damages is improper. Southern CATV Systems, supra, and Bumgart v. Bailey, 247 Miss. 604, 156 So.2d 823 (1963). Of interest, Phillips v. Delta Motor Lines, Inc., 235 Miss. 1, 108 So.2d 409 (1959), wherein this Court silently overruled the previous cases of common law negligence which held that nominal damages were properly awarded even though there was no actual injury involved.
We conclude that the verdict of the jury was not responsive to the court's instructions nor to the evidence and since it was not, it evinces bias, passion or prejudice on its part against the plaintiff, necessitating the cause to be remanded for a new trial upon the question of damages only emanating from the actual injuries received by the appellant.
Reversed and remanded.
GILLESPIE, C.J., and INZER, SMITH and SUGG, JJ., concur.
NOTES
[1] The Court instructs the Jury for the Plaintiff that you must find for the Plaintiff, as to liability, but assess his damages, if any, in accordance with the other instructions granted by the Court.