552 So.2d 113 (1989)
Thomas G. RUSSELL
v.
The LEWIS GROCER COMPANY and Howard Spencer.
No. 07-58597.
Supreme Court of Mississippi.
October 25, 1989.
M. Charles May, Jackson, Bill Perkins, Bartlett, Tenn., Thomas J. Lowe, Jr., Jackson, for appellant.
J. Price Coleman and S. Mark Wann, Daniel Coker Horton & Bell, Jackson, for appellee.
En banc.
PITTMAN, Justice, for the Court:
This is an appeal from a jury verdict rendered in favor of the defendants on May 12, 1987. Mr. Russell alleges that he was *114 injured when a tractor-trailer truck rear-ended him. The tractor-trailer truck was owned by The Lewis Grocer Company and was driven by Howard Spencer. The accident occurred in Jackson on January 31, 1976, and Mr. Russell alleges that his physical problems from the time of the accident to the time of trial were a direct result of the accident. At trial, Mr. Russell presented his medical bills as prima facie evidence of his physical condition. The only testimony presented by Mr. Russell was that of himself, his wife, and his brother-in-law. The Lewis Grocer Company and Howard Spencer presented the testimony of several of Mr. Russell's treating physicians. Some had treated Mr. Russell prior to the accident, and some had only treated him after the accident. After the trial, the jury returned a verdict in favor of the defendants, and Mr. Russell appeals to this Court. The Lewis Grocer Company and Howard Spencer cross-appeal, asking that this Court enter sanctions against Mr. Russell.
Mr. Russell, appellant, assigns as error to this Court:
ASSIGNMENT OF ERROR I
THE JURY HAVING BEEN PEREMPTORILY INSTRUCTED TO FIND THE DEFENDANTS LIABLE, THE VERDICT FOR THE DEFENDANTS WAS ERRONEOUS, AGAINST THE OVERWHELMING WEIGHT OF THE EVIDENCE AND THE PRODUCT OF BIAS AND PASSION.
ASSIGNMENT OF ERROR II
THE JURY DID NOT EXPLAIN ITS VERDICT IN FAVOR OF THE DEFENDANTS AS IT IS REQUIRED TO DO WHEN PEREMPTORILY INSTRUCTED TO FIND THE DEFENDANTS LIABLE.
On cross-appeal, the Lewis Grocer Company and Howard Spencer, appellees, assign as error to this Court:
CROSS-ASSIGNMENT OF ERROR I
THE LOWER COURT ERRED IN NOT IMPOSING SANCTIONS AGAINST PLAINTIFF AND IN REFUSING TO GRANT THE DEFENDANTS' MOTION FOR RULE 11 SANCTIONS, ETC.

STATEMENT OF THE FACTS
This appeal is the result of a motor vehicle accident involving the appellant, Mr. Russell, and appellee, Howard Spencer. Mr. Spencer was employed by The Lewis Grocer Company as a truck driver. Mr. Spencer was traveling in a northerly direction on U.S. Highway 49 and was following Russell's vehicle when Russell stopped at the traffic signal at the intersection of Highway 49 and Northside Drive in Jackson, Mississippi. Russell had stopped for the red light, and Mr. Spencer ran into the rear of Russell's vehicle. Neither Russell nor his wife required medical attention at the scene of the accident. However, on the way back to appellant's home in Belzoni, Mississippi, he alleges that he began to experience severe pain. So much so, that upon arriving in Belzoni, he went to Dr. Woods for a pain killer which was administered by shot. Russell testified that he had to return to Dr. Woods for another shot in the early morning hours and again around 9:00 a.m. the next day for an additional shot.
The insurer of Lewis Grocer Company paid a claim to Russell for the damages to his vehicle, but refused to pay medical expenses without appellant executing a medical release in their favor. The insurer, The Travelers Group, insisted that the medical release was necessary in order for them to properly ascertain the extent of the injury to appellant and those medical expenses which were a result of this particular accident. Appellant refused to execute the medical release, but did submit to the insurer copies of his medical bills. This is where the area of contention lies and the reason for the subject litigation.
At trial, Russell introduced into evidence a compilation of bills, hospital records and doctors' reports in support of his claims of serious and permanent injuries to his back, neck, legs and various other parts of his body. The only testimony the appellant presented at trial was that of himself, his *115 wife, and his brother-in-law. The appellees presented the testimony of several treating physicians of appellant, along with the deposition testimony of several other doctors of appellant. The witnesses for the appellees testified that the medical reports submitted by the appellant as having been prepared by them had either been totally fabricated or had been altered to contain diagnoses which were total fabrications. Three doctors who testified stated that the appellant suffered no disability. None of the doctors could relate any of the complaints of pain or the medical treatment provided. Among the medical records introduced into evidence by the appellant at trial was a statement from the Humphreys County Memorial Hospital in which appellant alleged that he had incurred an 18-20 day hospital visit. The appellees called the hospital records custodian to testify that there was no record of the appellant's alleged hospitalization.
The appellees introduced voluminous evidence that the appellant had suffered from the conditions which he attributed to the accident in question for years before the accident even occurred. On May 7, 1987, the jury returned a verdict for the appellees, and on May 19, 1987, the appellant filed a Motion for Judgment Notwithstanding the Verdict, or, in the alternative, for a New Trial. These motions were denied on June 17, 1987. On July 20, 1987, the appellees filed a Motion for Rule 11 Sanctions, etc. On September 11, 1987, the trial court entered an order stating that sanctions against the appellant were warranted, but denied the motion on the grounds of timeliness. The appellant appeals the jury verdict and the appellees cross-appeal the trial court's refusal to award sanctions.
DISCUSSION OF THE ISSUES
ASSIGNMENT OF ERROR I
THE JURY HAVING BEEN PEREMPTORILY INSTRUCTED TO FIND THE DEFENDANTS LIABLE, THE VERDICT FOR THE DEFENDANTS WAS ERRONEOUS, AGAINST THE OVERWHELMING WEIGHT OF THE EVIDENCE AND THE PRODUCT OF BIAS AND PASSION.
The appellant asserts that since the lower court had already granted a partial summary judgment as to negligence that the jury verdict in the amount of zero damages was against the overwhelming weight of the evidence. Appellant cites the case of Williams v. Wiggins, 285 So.2d 163 (Miss. 1973), in support of this assertion. In Williams, the jury returned a zero verdict for the plaintiff after having been peremptorily instructed that the defendant was liable. This Court reversed the lower court.
The appellees are quick to point out to this Court that appellant is incorrect when they allege that the jury was peremptorily instructed to find the defendants liable. The trial court refused the jury instruction, which would have been such instruction. However, the trial court did instruct the jury as to the negligence of the defendant in causing the accident. Appellee distinguishes the case of Williams, in that the jury's verdict was not responsive to the evidence since the evidence was conclusive that the appellant had been injured. Appellees submit that such was not the case in the case sub judice. The evidence was not conclusive that the appellant was injured, nor was there testimony from medical doctors that the appellant had suffered injury because of the negligence of the appellees.
Appellees argue that damages must be proven. The only proof submitted by appellant was that of his, his wife's, and his brother-in-law's testimony, along with medical reports. No treating physicians or medical witnesses of any kind were called by the plaintiff in support of these alleged injuries. The appellant's own doctors testified in response to questions posed by the defendant below that the medical reports, introduced by the appellant as having been written by them, had been altered to contain diagnoses which they had not found. The three doctors who testified and the two whose depositions were admitted into evidence brought their copies of appellant's medical records with them, and all testified that the medical records introduced by the *116 appellant contained additional data which was not contained in their office records. In several instances the doctors emphasized that certain medical findings and reports were not even generated by them and that the signature on the form purported to be theirs was not their signature.
In view of the fact that the appellees were able to introduce through expert medical testimony and medical records that the appellant had introduced certain medical records into evidence which were either a total fabrication, or at best, questionable, it is the Court's finding that the question was properly presented to the jury and that the jury, presented with the testimony and documentary evidence of both sides and upon review of same, found the appellees to be more credible and that the verdict was not erroneous or against the overwhelming weight of the evidence.
Further, it is this Court's opinion, that there was no error in the form of the verdict rendered by the jury.
CROSS-ASSIGNMENT OF ERROR I
THE LOWER COURT ERRED IN NOT IMPOSING SANCTIONS AGAINST PLAINTIFF AND IN REFUSING TO GRANT THE DEFENDANTS' MOTION FOR RULE 11 SANCTIONS, ETC.
The appellees had asked the lower court by motion for Rule 11 sanctions. The court in denying the motion stated that "the conduct of the Plaintiff during the course of the proceedings leading up to the trial, and his conduct in the trial, was an embarrassment to and an abuse of our legal system. The unusual circumstances of this case warrant the imposition of sanctions." Appellees submit that that being the opinion of the lower court, it should have imposed sanctions upon the appellant on its own without motion from the appellees. Appellees note in Ladner v. Ladner, 436 So.2d 1366, 1370 (Miss. 1983), that even where there is no specific statutory authority for imposing sanctions, courts have an inherent power to protect the integrity of their processes by awarding sanctions. Also, appellees present the case of Selleck v. S.F. Cockrell Trucking, Inc., 517 So.2d 558 (Miss. 1987), where this Court stated, "that where a party's intentional misconduct causes the opposing party to expend time and money needlessly, then attorney's fees and expenses should be awarded to the wronged party."
Appellees contend that the false testimony, the tampered medical records, and in some cases the total fabrication of medical records caused the appellees to incur substantial expenses and caused a trial that need not ever have occurred. Appellees contend and the record reflects that certain evidence was fabricated by the appellant. Medical reports ranging from doctors findings to hospital expenses were found to have been either altered or totally fabricated. Appellees assert and the record again bears out that appellant presented perjured testimony by denying that he had been involved in prior accidents and had not suffered from the injuries complained of before the automobile accident in question. The appellees were able to obtain and present testimony from appellant's treating physicians and medical records showing that the appellant had been involved in several other accidents and had suffered from the very same aches and pains he complained were a result of the subject accident.
Appellees contend that they are entitled to sanctions in light of appellant's conduct. Appellees present Mississippi Rules of Civil Procedure, Rule 11(b) Sanctions to this Court for consideration:
(b) Sanctions. If a pleading or motion is not signed or is signed with the intent to defeat the purpose of this Rule, it may be stricken as sham and false and the action may proceed as though the pleading or motion had not been served. For wilful violation of this rule an attorney may be subjected to appropriate disciplinary action. Similar action may be taken if scandalous or indecent matter is inserted. If any party files a motion or pleading which, in the opinion of the court, is frivolous or is filed for the purpose of harassment or delay, the court may order such a party to pay the opposing party or parties the reasonable expenses incurred *117 by such parties and by their attorneys, including reasonable attorneys' fees.
Appellees contend that the lower court should have entertained their motion under Rule 60(b) of the Mississippi Rules of Civil Procedure, rather than Rule 59(e). Rule 60(b) allows for the imposition of sanctions and attorneys' fees outside the 10 day period limit in Rule 59(e).
Suffice it to say that this Court would affirm Rule 11 sanctions had the same been properly granted by the court below; however, this Court agrees with the lower court when it says "that it does not have authority to impose sanctions at this time because the motion for sanctions is, in effect, a motion to amend the judgment in this cause. The motion for sanctions was filed more than ten days after the entry of the judgment and is therefore not timely." Therefore, even though Rule 11 sanctions are warranted, they will not now be imposed.
Finding no error, this Court affirms the judgment of the lower court. However, for filing frivolous appeals this Court may sanction the appellant under Rule 38 and the attorneys under Rule 46(d). This Court by separate order will require the appellant and his attorneys of record to show cause why sanctions should not be imposed under Miss.S.Ct.Rules 38 and 46(d).
AFFIRMED.
ROY NOBLE LEE, C.J., HAWKINS, P.J., and PRATHER, ROBERTSON, SULLIVAN, ANDERSON and BLASS, JJ., concur.
DAN M. LEE, P.J., concurs as to opinion and dissents as to show cause order.