# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2009-CA-01197-SCT

*JAMES K. LITTLETON*

*v.*

*CAROLYN MCADAMS*

| | |
|---|---|
| DATE OF JUDGMENT: | 08/26/2009 |
| TRIAL JUDGE: | HON. JOSEPH C. WEBSTER |
| COURT FROM WHICH APPEALED: | LEFLORE COUNTY CHANCERY COURT |
| ATTORNEYS FOR APPELLANT: | WILLIE JAMES PERKINS, SR. |
| | DESHANDRA LALAYNE ROSS |
| ATTORNEYS FOR APPELLEE: | A. LEE ABRAHAM, JR. |
| | PRESTON DAVIS RIDEOUT, JR. |
| NATURE OF THE CASE: | CIVIL - OTHER |
| DISPOSITION: | AFFIRMED - 04/28/2011 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE DICKINSON, P.J., LAMAR AND KITCHENS, JJ.**

**DICKINSON, PRESIDING JUSTICE, FOR THE COURT:**

¶1. At the end of his term, a city attorney refused to leave his position until the newly elected mayor appointed -- and the city council approved -- his successor. The trial court granted the mayor's petition for injunctive and declaratory relief, and the former city attorney now appeals. Because we find the city attorney had no legal authority to remain in office after his term had ended, the chancellor properly granted the injunctive relief, and we affirm his ruling.

## BACKGROUND FACTS AND PROCEEDINGS

¶2.　James K. Littleton's employment as city attorney was terminated by Greenwood's newly elected mayor, Carolyn McAdams. Littleton announced to the Greenwood City Council that he was statutorily[1] authorized to continue to serve as a holdover appointee until the mayor nominated -- and the council approved -- a replacement.

¶3.　After the council – by a five-two vote – rejected Mayor McAdams's nomination of the law firm Abraham and Rideout to be Greenwood's new city attorney, Mayor McAdams filed suit against Littleton and five city council members,[2] seeking a judicial declaration that: 1) McAdams lawfully terminated Littleton as city attorney; 2) Littleton no longer held the office of Greenwood City Attorney; 3) the office of city attorney was vacant; 4) the city council had no authority to hire Littleton to act as city attorney; 5) the city council had no authority to hire Littleton to represent or advise the city council or members acting in their official capacities; and 6) the city council had no authority to hire Littleton to represent or advise the council under the guise of hiring him as a clerk for the council. Mayor McAdams also asked the court to enjoin Littleton from purporting to act as Greenwood's city attorney in any circumstances, including attending city council meetings.

¶4.　The chancellor – finding that McAdams lawfully had terminated Littleton, and that he had no legal authority to hold over – enjoined Littleton from continuing to serve as

---

[1] *See* Miss. Code Ann. § 25-1-7 (Rev. 2010).

[2] The five city councilmen are David Jordan, Ronnie Stevenson, Charles E. McCoy, Sr., Tennill Cannon, and Carl Palmer.

Greenwood's city attorney.[3] The city council later approved McAdams's nomination of Donnie Brock, III, who currently serves as Greenwood's city attorney.

¶5. Littleton appealed the chancellor's decision, arguing that the chancellor had erred in holding that, under a mayor-council form of government, the mayor has authority to terminate a holdover city attorney; and that Mayor McAdams did not meet the necessary burden of proof for the issuance of injunctive relief. Mayor McAdams argues that, because a new city attorney has been appointed and approved by the council; and because Littleton is not seeking to continue to serve as Greenwood's city attorney, his issues are moot.

## ANALYSIS

¶6. We begin by rejecting Mayor McAdams's assertion that Littleton's issues are moot. Littleton is entitled to an adjudication of the issue of whether he was wrongfully enjoined.

**Littleton had no legal authority to hold over.**

¶7. Citing ***Jordan v. Smith***, Littleton argues that Mayor McAdams did not have lawful authority to terminate him.[4] But in ***Jordan,*** we addressed a mayor's power to *appoint* certain city officials, including the city attorney, and did not address a mayor's authority to *terminate*

---

[3] The Chancellor denied McAdams's request for declaratory relief against the five council members. The councilmen then sought Rule 11 sanctions against McAdams and her attorneys, which the chancellor denied. Miss. R. Civ. P. 11. The denial of sanctions has been appealed and is currently pending before this Court as a separate case, Case No. 2010-TS-01333.

[4] ***Jordan v. Smith***, 669 So. 2d 752 (Miss. 1996) *overruled on other grounds by* ***Myers v. City of McComb***, 943 So. 2d 1, 6 (Miss. 2006).

the city attorney.[5] So *Jordan* is no authority for Littleton's argument. Indeed, Littleton was not terminated. His annual term ended on June 30, 2009.[6]

¶8. Littleton argues that Section 25-1-7 of the Mississippi Code gave him the right to hold over until the new city attorney was appointed and approved. That statute provides, in part:

> If any person elected or appointed to any state, state district, levee board, county, county district, or municipal office shall fail to qualify as required by law on or before the day of the commencement of his term of office, or for any cause any such officer shall hold over after his regular term of office expires under the authority given him to *hold over* until his successor is appointed or elected and qualified, a vacancy in such office shall occur thereby and it shall be filled in the manner prescribed by law. . .[7]

¶9. Under its plain language, the statute applies only to positions that – from some other source – have been granted the power to hold over.[8] Littleton cites no authority or other source for his assertion that, when his term ended, he had the right to hold over.

**Mayor McAdams met her burden of proof for the issuance of injunctive relief.**

¶10. When considering a request for injunctive relief under Mississippi Rule of Civil Procedure 65(a), we must make findings that: 1) there exists a substantial likelihood that the plaintiff will prevail on the merits; 2) the injunction is necessary to prevent irreparable harm;

---

[5] *Jordan*, 669 So. 2d at 755-57.

[6] Mississippi Code Section § 21-15-25 provides that "the governing authorities may annually appoint an attorney-at-law for the municipality. . . ."

[7] Miss. Code Ann. § 25-1-7 (Rev. 2010) (emphasis added).

[8] *See, e.g.*, Miss. Const. art. 5, § 136. ("[A]ll officers named in this article shall hold their offices during the term for which they were selected, unless removed, and until their successors shall be duly qualified to enter on the discharge of their respective duties.").

3) the threatened injury to the plaintiff outweighs the harm an injunction might do to the defendants; and 4) granting a preliminary injunction is consistent with the public interest.[9]

¶11.    Mayor McAdams demonstrated a substantial likelihood that she would prevail on the merits. The law is clear that the mayor has the sole power to make appointments to the city attorney's office, and the wording of Section 25-1-7 provides that an office holder may hold over only "under the authority given him to hold over."[10]

¶12.    Also, the injunction was necessary to prevent potential irreparable harm that would result from actions taken by an individual purporting to act as city attorney in the absence of the authority to do so.

¶13.    Finally, any harm to Littleton was minimal, when compared to the potential harm to the city and its citizens. Littleton acknowledged that his term had ended. Greenwood was without a city attorney for only a short term, and the injunction served the public interest because it prevented Littleton from illegally taking actions on the city's behalf.

## CONCLUSION

¶14.    Littleton had no independent right to hold over as city attorney, so the chancellor did not abuse his discretion in granting the injunctive relief; thus, his ruling is affirmed.

¶15.    **AFFIRMED.**

**WALLER, C.J., CARLSON, P.J., RANDOLPH, LAMAR, KITCHENS, CHANDLER, PIERCE AND KING, JJ., CONCUR.**

---

[9] *City of Durant v. Humphreys County Mem'l Hosp.*, 587 So. 2d 244, 250 (Miss. 1991); Miss. R. Civ. P. 65(a).

[10] Miss. Code Ann. § 25-1-7 (Rev. 2010).