IRVING, J.,
 

 for the Court:
 

 ¶ 1. Dr. Michael Todd
 
 [1]
 
 filed a motion for sanctions against Claude Clayton, the attorney for the estate of Judith Clark. Clark’s estate filed a wrongful-death action against Dr. Todd alleging medical malpractice. The deposition of Dr. Todd’s co-defendant, Dr. Patrick Hsu, ultimately absolved Dr. Todd of liability, and the circuit court dismissed Dr. Todd from the case.
 

 ¶ 2. Years later, Dr. Todd filed a motion for sanctions against Clayton pursuant to Rule 11 of the Mississippi Rules of Civil Procedure and the Litigation Accountability Act (LAA). The circuit court denied Dr. Todd’s motion for Rule 11 sanctions as time-barred. The circuit court also denied Dr. Todd’s motion for sanctions under the LAA because Clayton had a reasonable hope of success on the claim against Dr. Todd. Feeling aggrieved, Dr. Todd appeals and asserts that the circuit court (1) erred in denying Dr. Todd’s motion for sanctions under Rule 11 as time-barred, (2) erred in denying Dr. Todd’s motion for sanctions under the LAA, (3) showed partiality to Clark’s estate and its attorneys by allowing them to avoid hearings on Dr. Todd’s discovery motions, and (4) erred in failing to rule on those motions.
 

 ¶ 3. The circuit court incorrectly found that Dr. Todd’s motion for Rule 11 sanctions was time-barred; nevertheless, we affirm the circuit court’s judgment on other grounds.
 

 
 *829
 
 FACTS
 

 ¶ 4. On February 10, 2000, Dr. Hsu performed a pap smear on Clark. The pap smear detected a cell abnormality, and Clark underwent a hysterectomy on March 27, 2000. Dr. Hsu performed the surgery and submitted tissue removed from Clark to Dr. Todd for evaluation. Dr. Todd’s analysis of the tissue specimen did not detect any invasive cancer. On March 7, 2001, Clark returned to Dr. Hsu complaining of bleeding, and Dr. Hsu discovered a mass, which was later diagnosed as cancerous. Clark died of cancer on September 15, 2002.
 

 ¶ 5. On December 31, 2002, Clark’s estate filed a wrongful-death action, alleging medical malpractice against Dr. Todd, Dr. Hsu, and others involved in Clark’s treatment. On January 14, 2004, Dr. Hsu testified in his deposition that even if Dr. Todd had reported the existence of micro-invasive cancer, as Clark’s estate alleged he should have, Dr. Hsu would not have altered Clark’s treatment. Dr. Hsu’s testimony removed the possibility that omissions in Dr. Todd’s report proximately caused Clark’s death.
 

 ¶ 6. On April 5, 2004, Dr. Todd filed a motion for summary judgment. In its response to Dr. Todd’s motion, Clark’s estate agreed that Dr. Hsu’s deposition had absolved Dr. Todd of liability. However, the estate argued that it would be unfair to dismiss Dr. Todd and allow Dr. Hsu to argue for apportionment of damages to Dr. Todd at trial. As such, Clark’s estate moved for partial summary judgment prohibiting Dr. Hsu from apportioning fault to Dr. Todd. On January 27, 2005, the circuit court granted Dr. Todd’s motion for summary judgment, dismissing him from the case, and denied Clark’s estate’s motion for partial summary judgment. Dr. Todd’s dismissal from the case left Dr. Hsu as the only remaining defendant. The circuit court dismissed Dr. Hsu by final judgment on June 16, 2008.
 

 ¶ 7. On August 2, 2007, Dr. Todd filed a motion for sanctions pursuant to Rule 11 of the Mississippi Rules of Civil Procedure and the LAA. In his motion, Dr. Todd alleged that Clark’s estate, through Clayton, had commenced suit against Dr. Todd despite having sufficient evidence that he was not liable for malpractice and resisted Dr. Todd’s dismissal from the suit even after Dr. Hsu’s testimony absolved him of liability. Dr. Todd filed his motion for sanctions two and a half years after the order dismissing him from the case and ten months before the final judgment dismissing Dr. Hsu.
 

 ¶ 8. The circuit court denied Dr. Todd’s motion for sanctions under Rule 11 as time-barred. The circuit court reasoned that the ten-day time limitation began to run on January 27, 2005, the date the circuit court granted Dr. Todd’s motion for summary judgment and dismissed him from the case.
 

 ¶ 9. Dr. Todd’s motion for sanctions pursuant to the LAA was not time-barred, and the circuit court reviewed the motion on the merits. However, the circuit court refused to award sanctions under the LAA because it found that the malpractice claims against Dr. Todd were not frivolous or without hope of success.
 

 ¶ 10. Additional facts, as necessary, will be related during our analysis and discussion of the issues.
 

 ANALYSIS AND DISCUSSION OF THE ISSUES
 

 ¶ 11. “The decision to award monetary sanctions under the Litigation Accountability Act is left to the discretion of the trial court.”
 
 In re Spencer,
 
 985 So.2d 330, 336-37 (¶ 19) (Miss.2008) (citing Miss. Code Ann. § 11-55-7 (Rev.2002)). “The
 
 *830
 
 same is true for sanctions awarded under Rule 11 of the Mississippi Rules of Civil Procedure.”
 
 Id.
 
 at 337 (citing M.R.C.P. 11(b)). “[A Mississippi appellate court] reviews the judgment of the sanctioning trial court for abuse of discretion.”
 
 Id.
 
 (citing
 
 Wyssbrod v. Wittjen,
 
 798 So.2d 352, 357 (¶ 17) (Miss.2001)). Therefore, the trial court’s imposition of sanctions will not be disturbed absent a finding of “a clear error of judgment.”
 
 Id.
 
 (quoting
 
 Wyssbrod,
 
 798 So.2d at 357 (¶ 17)).
 

 1. Time Bar
 

 ¶ 12. Dr. Todd argues that the circuit court erred in dismissing his motion for sanctions under Rule 11 of the Mississippi Rules of Civil Procedure as time-barred. The Mississippi Supreme Court has held that “[a] motion for [Rule 11] sanctions is, in effect, a motion to amend the judgment in [a] cause.”
 
 Russell v. Lewis Grocer Co.,
 
 552 So.2d 113, 117 (Miss.1989). As such, the time period for filing a Rule 11 motion is subject to the time constraints set forth in Rule 59(e) of the Mississippi Rules of Civil Procedure.
 
 Id.
 
 Rule 59(e) provides that “[a] motion to alter or amend the judgment shall be filed not later than ten days after entry of the judgment.” M.R.C.P. 59(e). For purposes of the rule, “judgment” is defined as “a final decree and any order from which an appeal lies.” M.R.C.P. 54(a).
 

 ¶ 13. Rule 54(b) addresses cases, like the malpractice case against Dr. Todd, that involve claims against multiple parties. The original action filed by Clark’s estate listed Dr. Todd, Dr. Hsu, and other individuals involved in Clark’s treatment. Over a period of five years, all defendants were released from the case through summary judgment or stipulation of dismissal, with the exception of Dr. Todd and Dr. Hsu. The circuit court dismissed Dr. Todd from the case via summary judgment on January 27, 2005. Dr. Hsu was dismissed by final judgment on June 16, 2008.
 

 ¶ 14. Dr. Todd argues, and this Court agrees, that the January 27, 2005, order was not properly certified under Rule 54(b) and did not constitute an ap-pealable order that began the ten-day clock for filing Dr. Todd’s motion for sanctions under Rule 11. Rule 54(b) permits final judgment in favor of fewer than all of the parties “only upon an expressed determination that there is no just reason for delay and upon an expressed direction for the entry of the judgment.” M.R.C.P. 54(b). The circuit court’s order dismissing Dr. Todd expressed no such determination, and Rule 54(b) is clear that absent such language, an order “which adjudicates fewer than all of the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to
 
 any
 
 of the claims or parties....”
 
 Id.
 
 (emphasis added). Therefore, the circuit court’s order granting summary judgment for Dr. Todd was not properly certified as a final judgment under Rule 54(b) and was not appeal-able. Instead, the final judgment dismissing Dr. Hsu on June 16, 2008, ended all claims against all parties and constituted an appealable order or “judgment,” which began the running of the ten-day limitation period set forth in Rule 59(e). As Dr. Todd filed his motion for sanctions under Rule 11 on August 2, 2007, long before the final judgment in the case, the circuit court erred in finding that the motion was time-barred.
 

 ¶ 15. While Dr. Todd’s motion for Rule 11 sanctions is not time-barred, Dr. Todd is not entitled to sanctions under the rule. Rule 11 permits a court to impose sanctions against a party or his attorney “[i]f any party files a motion or pleading which, in the opinion of the court, is frivolous or is filed for the purpose of harassment or delay....” M.R.C.P. 11(b).
 
 *831
 
 A motion or pleading is frivolous “only when, objectively speaking, the pleader or movant has no hope of success.”
 
 In re Spencer,
 
 985 So.2d at 339 (¶ 28) (quoting
 
 City of Madison v. Bryan,
 
 763 So.2d 162, 168 (¶ 28) (Miss.2000)). The circuit court found, and we agree, that Clayton’s client had a reasonable hope of success on its malpractice claim against Dr. Todd. Furthermore, when Dr. Hsu’s deposition absolved Dr. Todd of liability, Clayton acted in good faith in abandoning the claim against Dr. Todd. A more detailed discussion of why sanctions are inappropriate in this case is included in our analysis of Dr. Todd’s LAA claim.
 

 2. Litigation Accountability Act
 

 ¶ 16. Dr. Todd argues that sanctions against Clayton are appropriate under the LAA because Clayton resisted Dr. Todd’s dismissal from the case, despite having no proof of liability on his part.
 

 ¶ 17. The LAA allows a court to impose sanctions on an attorney who “brought an action ... that is without substantial justification, ... or ... was interposed for delay or harassment, ... or ... unnecessarily expanded the proceedings by other improper conduct....” Miss. Code. Ann. § 11-55-5 (Rev.2002). “ ‘Without substantial justification’ is defined as any claim that is ‘frivolous, groundless in fact or in law, or vexatious, as determined by the court.’ ”
 
 In re Spencer,
 
 985 So.2d at 338 (¶ 26) (quoting Miss.Code. Ann. § 11— 55-3(a) (Rev.2002)). The term “frivolous,” for purposes of both Rule 11 and the LAA, means “without hope of success.”
 
 Id.
 

 ¶ 18. Based on our review of the record, we do not find evidence that Clayton filed a frivolous claim against Dr. Todd that had no hope of success. Clayton’s affidavit, taken on November 26, 2008, reveals that he had a hope of success in his client’s claim against Dr. Todd. Prior to filing suit against Dr. Todd, Clayton obtained Clark’s medical reports, including Dr. Todd’s pathology report, and consulted with an OB\ GYN. Later, Clayton consulted a second expert, an oncologist. Both experts believed that Clark’s cancer had existed at the time of her hysterectomy and had likely been overlooked by Dr. Todd. Based on Clayton’s affidavit, he performed sufficient due diligence in determining the validity of the claim against Dr. Todd.
 
 [2]
 

 ¶ 19. A review of the pleadings further supports the circuit court’s decision to deny sanctions. On April 5, 2004, Dr. Todd filed a motion for summary judgment asserting that the plaintiffs had failed to prove that Dr. Todd had acted negligently. The plaintiffs responded on April 26, 2004, and acknowledged that Dr. Hsu’s deposition testimony had absolved Dr. Todd of liability. In fact, the plaintiffs stated in their response that they were willing to confess Dr. Todd’s motion for summary judgment. The plaintiffs did not seek to unnecessarily expand the proceedings by retaining Dr. Todd as a defendant. Instead, the plaintiffs only sought to prevent Dr. Hsu from later arguing that fault should be apportioned to Dr. Todd at trial-a valid concern considering Dr. Hsu’s objection to the plaintiffs’ cross-motion for summary judgment regarding apportionment of fault.
 

 ¶ 20. We do not find that the circuit court abused its discretion in denying Dr. Todd’s motion for sanctions under the LAA. Clayton undertook a reasonable investigation of the facts and consulted experts before proceeding with the claim
 
 *832
 
 against Dr. Todd. Once Dr. Hsu’s testimony absolved Dr. Todd of liability and diminished any hope of success, Clayton agreed to dismiss Dr. Todd from the lawsuit. This issue lacks merit.
 

 3. Judicial Partiality
 

 ¶ 21. Dr. Todd argues that the circuit judge showed partiality toward the plaintiffs’ attorneys by granting their requests to continue the hearing on Dr. Todd’s motion for sanctions and additional discovery. “[W]e will not hesitate to reverse where the trial judge displays partiality. ...”
 
 Layne v. State,
 
 542 So.2d 237, 242 (Miss.1989). However, it does not appear that the circuit judge showed partiality to the attorneys by granting two continuance requests, nor does it appear that Dr. Todd was somehow prejudiced by the delay. Furthermore, the continuances that Dr. Todd complains of were initiated by John Cocke, another attorney of record for Clark’s estate, who is not a party to the appeal before this Court. This issue is without merit.
 

 Jp. Failure to Rule on Dr. Todd’s Discovery Motions
 

 ¶ 22. In conjunction with his motion for sanctions, Dr. Todd filed a motion for additional discovery and a motion to compel discovery on December 28, 2007. In his motions, Dr. Todd sought the identities of experts that Clayton had consulted during the malpractice suit against Dr. Todd and the opportunity to depose those experts. The circuit court did not address Dr. Todd’s discovery motions in its order dismissing his motion for sanctions. Dr. Todd argues that the circuit court’s failure to rule on his discovery motions constitutes error. However, in December 2008, Dr. Todd and Clayton agreed to have the sanctions dispute decided “on the record.”
 
 [3]
 
 By signing the agreement, Dr. Todd abandoned further discovery efforts related to his motion for sanctions in favor of expediting the circuit court’s decision on the matter. Therefore, the circuit court did not err in failing to address Dr. Todd’s discovery motions. This issue lacks merit.
 

 ¶ 23. THE JUDGMENT OF THE CIRCUIT COURT OF TISHOMINGO COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANTS.
 

 KING, C.J., LEE AND MYERS, P.JJ., GRIFFIS, ISHEE, ROBERTS AND MAXWELL, JJ., CONCUR. CARLTON, J., DISSENTS WITHOUT SEPARATE WRITTEN OPINION. BARNES, J., NOT PARTICIPATING.
 

 [1]
 

 . Clark's estate filed suit against both Todd and his practice, Pathology Lab, Inc.
 

 [2]
 

 . The circuit court noted that the malpractice suit against Dr. Todd was filed in 2002, prior to the effective date of tort-reform legislation; therefore, Clayton was under no statutory obligation to conduct a pre-suit investigation or consult an expert.
 

 [3]
 

 . The agreement signed by both Dr. Todd and Clayton provided:
 

 It is agreed by the parties that this matter may be submitted for decision on the [b]riefs filed, or in the event any party chooses to submit additional arguments this must be done on or before January 15, 2009, and be based on the record as it is presently constituted....