*934 FAIR, J.,
for the Court:
¶ 1. Carolyn McAdams took office as Mayor of Greenwood, Mississippi, on July 6, 2009. That day she sent a letter to the city attorney, James Littleton, terminating his employment. Mayor McAdams then nominated the firm of Abraham and Ride-out to the position. The Greenwood City Council rejected the nomination in a five-to-two vote, held the next day. Littleton then announced he would serve as city attorney until a replacement was approved by the city council. Littleton continued to act as the city attorney at subsequent city council meetings.
¶ 2. On July 20, 2009, Mayor McAdams filed a lawsuit against Littleton and 'five of the seven city council members. She sought a declaratory judgment that Little-ton could not hold over as city attorney. McAdams also sought a declaratory judgment that the councilmen had no authority to hire Littleton as city attorney or allow him to represent or advise the city council. Finally, the mayor asked the court to enjoin Littleton from áttending council meetings as the city attorney or otherwise purporting to act in that capacity.
¶ 3. The chancery court held that Little-ton had no authority to hold over, and it enjoined him from continuing to act as city attorney. The judgment against Littleton was ultimately affirmed on appeal by the Mississippi Supreme Court. See Littleton v. McAdams, 60 So.3d 169, 172 (¶ 14) (Miss.2011).
¶4. The chancery court also held that McAdams was not entitled to any relief against the defendant councilmen. The councilmen sought sanctions against Mc-Adams, contending the claims against them were frivolous. They also alleged that McAdams had sued them for the purpose of harassment.
¶ 5. The chancery court took the councilmen’s request for sanctions under advisement. It did not rule until nearly a year later, when the motion was denied. The chancellor found that the suit against the councilmen was “ill-advised” but did not rise to the level of frivolous. The court further found that the complaint was not filed for the purpose of harassment. This appeal followed.
DISCUSSION
1. Timeliness of Motion
¶ 6. As a threshold issue, we must consider McAdams’s contention that the councilmen’s request for sanctions was untimely. The councilmen filed a motion for sanctions more than three months after the chancery court’s order disposing of the substantive claims in the case.
¶ 7. McAdams relies on Russell v. Lewis Grocer Co., 552 So.2d 113, 117 (Miss.1989), where the supreme court held that a motion for sanctions made after the judgment is in effect a motion to amend that judgment. A motion to amend the judgment must be filed within ten days of the entry of the judgment. M.R.C.P. 59(e).
¶ 8. We find Russell inapplicable to this case because the post-order motion was not the councilmen’s first pleading seeking sanctions. A motion for sanctions need not be made for the first time after a judgment has been entered. See, e.g., Collins v. Koppers, Inc., 59 So.3d 582, 587 (¶ 11) (Miss.2011) (Rule 11 sanctions sought in motion for summary judgment). In this case, the councilmen requested sanctions in their answer to the complaint. In its order disposing of the substantive claims, the chancery court expressly took the issue of sanctions under advisement. In Russell, on the other hand, it appears that sanctions were sought for the first time after the final judgment had been *935 entered. We do not find Russell controlling, and we conclude that the issue of sanctions was properly before the chancery court.
2. Sanctions
¶ 9. Turning to the merits of the appeal, we address the eouncilmen’s contention that the chancery court erred in not granting sanctions against McAdams.
¶ 10. Under Mississippi Rule of Civil Procedure 11(b), a trial court may award sanctions against a party or attorney who has filed a pleading that is frivolous or was filed for the purpose of harassment or delay. The Litigation Accountability Act of 1988 provides complementary, overlapping authority to impose sanctions for claims brought “without substantial justification” or “interposed for delay or harassment.” Miss.Code Ann. § 11-55-5 (Rev. 2002); Stevens v. Lake, 615 So.2d 1177, 1183-84 (Miss.1993). “Without substantial justification” means a filing that is “frivolous, groundless in fact or in law, or vexatious, as determined by the court.” Miss. Code Ann. § ll-55-3(a) (Rev.2002).
¶ 11. A trial court’s decision regarding the imposition of sanctions is reviewed only for an abuse of discretion. Compere v. St. Dominic Jackson Mem’l Hosp., 71 So.3d 607, 609 (¶ 6) (Miss.2011). Without a clear showing that the lower court abused its discretion, this Court must affirm its judgment.
¶ 12. The councilmen contend both that the suit was frivolous and that it was filed for the purpose of harassment.

A. Frivolity

¶ 13. A claim that is only weak or “light-headed” cannot be sanctioned as frivolous. Estate of McLemore v. McLemore, 63 So.3d 468, 490 (¶ 67) (Miss.2011). Even an argument that is “wrong” or untimely does not necessarily warrant sanctions. See Miss. Dep’t of Human Servs. v. Shelby, 802 So.2d 89, 97 (¶ 33) (Miss.2001). Instead, a pleading is frivolous only when, objectively speaking, there was no hope of success at the time it was filed. In re Estate of Smith v. Smith, 69 So.3d 1, 6 (¶ 19) (Miss.2011). In Smith, the supreme court reiterated that a frivolous claim is “one so clearly untenable, or the insufficiency of which is so manifest upon a bare inspection of the pleadings, that the court or judge is able to determine its character without argument or research.” Id. (quoting Germain v. Harwell, 108 Miss. 396, 402, 66 So. 396, 398 (1914)).
¶ 14. The councilmen direct several arguments to this issue. They contend, first and foremost, that the suit against them was frivolous because it did not cite any wrongdoing or seek any relief against them. However, the mayor’s complaint clearly states that it sought a declaratory judgment against the councilmen, as allowed under Rule 57 of the Mississippi Rules of Civil Procedure. A declaratory judgment seeks relief from uncertainty, before wrongdoing has actually occurred. See M.R.C.P. 57 cmt.
¶ 15. Mayor McAdams cites extensively to authorities from other states approving of declaratory-judgment suits to settle disputes between mayors and city councils. We are aware of similar reported Mississippi cases. See, e.g., Tisdale v. Clay, 728 So.2d 1084 (Miss.1998), overruled in part on other grounds by Myers v. City of McComb, 943 So.2d 1, 6 (¶ 19) (Miss.2006); Jordan v. Smith, 669 So.2d 752 (Miss. 1996), likewise overruled on other grounds by Myers, 943 So.2d at 6 (¶ 19). The supreme court also suggested that declaratory judgment may be an appropriate way to resolve disputes between mayors and city councils in Dupree v. Carroll, 967 So.2d 27, 29-30 (¶ 12) (Miss.2007) (compar *936 ing the mandamus sought in that case to a declaratory judgment). While none of these Mississippi cases speak directly to the propriety of the declaratory judgment sought in this case, they provide an arguable basis for Mayor McAdams to seek declaratory relief. That is all that is required, as sanctions should not be awarded where a party presents a colorable legal argument. McLemore, 63 So.3d at 490-91 (¶¶ 67-68).
¶ 16. Moreover, there is no question that a genuine dispute existed between the mayor and the defendant councilmen as to Littleton’s right to hold over. Once they were brought into the suit, the councilmen did in fact take the position that Littleton had a right to hold over, going so far as to argue that the City could not function without him. Mayor McAdams also points out that this case is only the latest in a series of disputes involving various aspects of the appointment, confirmation, and potential hold over of the Greenwood City Attorney; it has been the subject of several lawsuits and at least six attorney general opinions over the last two decades. The fact that this suit sought to resolve a matter of public concern weighs against an award of sanctions. See Hill v. Thompson, 564 So.2d 1, 15 (Miss.1989).
¶ 17. The councilmen’s final contention, that McAdams should have sued the entire city council rather than five of the seven members individually, is more difficult. McAdams points out that the two remaining councilmen supported her position and that the other five represent a controlling majority of the council. This is not in dispute. We also note that in at least one reported Mississippi decision, only some of the members of a city board of aldermen were sued, with one member actually joining with the mayor as a plaintiff. See Tisdale, 728 So.2d at 1085 (¶ 1).
¶ 18. Fortunately, we are not called upon to rule on the propriety of the decision to sue the councilmen individually. The issue before us is, instead, whether the suit was frivolous, or more precisely, whether the councilmen have shown that the chancery court abused its discretion in finding that the suit was not frivolous. As the councilmen have failed to cite any authority showing that suing the councilmen individually rendered the suit frivolous, this argument is without merit.
¶ 19. We find no abuse of discretion in the chancellor’s finding that the suit against the councilmen was not frivolous.

B. Harassment

¶ 20. The councilmen further argue the complaint for declaratory judgment was racially and politically motivated harassment. Trial courts possess the power to impose sanctions upon parties and their attorneys when, in the opinion of the court, the suit filed is filed for the purpose of harassment. . M.R.C.P. 11(b).
¶ 21. McAdams filed her complaint against five of the seven city council members. The five councilmen point out that they are all African-American Democrats, while the two council members who were not sued are white and members of the Republican Party. Although this could support an inference of improper motivations, no other evidence has been presented that this suit was racially or politically motivated. Moreover, McAdams had a rational reason to sue only those five councilmen, as they comprised the majority of the council that opposed her on the issues she sought to have decided in the lawsuit. It is uncontested that the two remaining council members agreed with the mayor that Littleton had no right to hold over.
¶ 22. The mere fact that the five councilmen are African Americans, without anything else, is insufficient proof of a *937 racial motive. The same can be said of the political allegations. After reviewing the record, we find no abuse of discretion in the chancellor’s finding that the suit was not filed for the purpose of harassment.

C. Findings of Fact

¶ 23. The couneilmen have also contended that the chancellor erred in not supporting his opinion with more detailed findings of fact and conclusions of law. We note, first of all, that the chancellor did expressly find that the suit was not frivolous or filed for the purpose of harassment or delay. Additionally, the couneilmen did not file a post-trial motion requesting additional findings of fact and conclusions of law, as allowed by Rule 52 of the Mississippi Rules of Civil Procedure.
¶ 24. In Rule 11 sanctions cases, an appellate court will assume that the trial court made determinations of fact sufficient to support its ruling where no specific finding has been made. Eatman v. City of Moss Point, 809 So.2d 591, 593 (¶ 8) (Miss.2000). When sanctions are awarded pursuant to the Litigation Accountability Act, the statute requires that certain factors be considered to be determine the amount of the sanctions. See Miss.Code Ann. § 11-55-7 (Rev.2002). However, those statutory findings are not required if sanctions are denied, nor are they required where sanctions were awarded pursuant to Rule 11. See id.; River Forest Prods., Inc. v. Deakle, 661 So.2d 188, 197 (Miss.1995).
¶ 25. We find no deficiency in the chancellor’s findings of fact.
CONCLUSION
¶ 26. Rule 11 sanctions should not be awarded where there is a legitimate, well-founded disagreement about the law or facts of a case. We conclude that the chancery court did not abuse its considerable discretion when it denied the councilmen’s request for sanctions.
¶ 27. THE JUDGMENT OF THE CHANCERY COURT OF LEFLORE COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANTS.
LEE, C.J., GRIFFIS, P.J., BARNES, ROBERTS, CARLTON AND MAXWELL, JJ., CONCUR. IRVING, P.J., DISSENTS WITH SEPARATE WRITTEN OPINION. ISHEE AND RUSSELL, JJ., NOT PARTICIPATING.